624 F.Supp. 1006 (1985)
Wayne C. REMBOLD, Plaintiff,
v.
GIBRALTAR SAVINGS AND LOAN ASSOCIATION, a federally chartered savings and loan association; and Queen City, Inc., a Washington corporation, Defendants, Counterclaimants and Cross-Claimants,
v.
WESTSIDE FEDERAL SAVINGS AND LOAN ASSOCIATION, a federally chartered savings and loan association, Additional Counterclaim and Cross-Claim Defendants,
v.
REMBOLD CORPORATION, an Oregon corporation, Third-Party Defendant.
No. C84-1644V.
United States District Court, W.D. Washington.
December 27, 1985.
Louis D. Peterson, Hillis, Phillips, Cairncross, Clark & Martin, Seattle, Wash., for Rembold Corp., an Oregon corp.
David Lieberworth, Logerwell, Farley & Schoonmaker, Seattle, Wash., for Gibraltar Sav. and Queen City.
*1007 John D. Alkire, Perkins Coie, Seattle, Wash., for Westside Federal Sav.

ORDER
VOORHEES, District Judge.
Having considered the motion of cross-claim defendant, the Federal Savings and Loan Insurance Corporation ("FSLIC"), to dismiss, the motion of cross-claim plaintiff Gibraltar Savings and Loan Association ("Gibraltar") to defer the decision date on the motion to dismiss, and the motion of Gibraltar to disqualify Perkins Coie and to bar transfer of confidences, together with the memoranda and affidavits submitted by counsel, the Court now finds and rules as follows:
1. In the fall of 1982, Queen City Savings and Loan Association ("Queen City") lent $2,000,000.00 to Wayne Rembold. Westside Federal Savings and Loan allegedly entered into a standby commitment to back the loan. In late 1983 Rembold was in default on his loan.
2. On July 24, 1984, FSLIC was appointed as receiver for Queen City, which was in financial difficulties. Thereafter, on that same day, Gibraltar purchased most of the assets and assumed most of the liabilities of Queen City. Among its assets was the Rembold loan. In September, 1984, Rembold filed this action against Gibraltar, seeking a judicial declaration of the rights and obligations of the parties to the Queen City-Rembold loan. Gibraltar answered and counterclaimed against Rembold. It also filed several cross-claims against Westside Federal based on the standby commitment.
3. FSLIC has moved to dismiss the cross-claims, contending that Congress has committed the determination of the validity, priority and satisfaction of these claims in the first instance to the FSLIC. The FSLIC contends that Gibraltar must present its claims to the receiver and the Federal Home Loan Bank Board before obtaining any judicial consideration of its claims.
4. The FSLIC relies on two provisions in its enabling statute and on a recent Fifth Circuit opinion. 12 U.S.C. 1464(d)(6)(C) provides:
Except as otherwise provided in this subsection, no court may ..., except at the instance of the [Federal Home Loan Bank] Board, restrain or affect the exercise of powers or functions of a conservator or receiver.
12 U.S.C. 1729(d) then provides:
In connection with the liquidation of insured institutions, the [FSLIC] shall have power to carry on the business of and to collect all obligations to the insured institutions, to settle, compromise, or release claims in favor of or against the insured institutions, and to do all other things that may be necessary in connection therewith, subject only to the regulation of the Federal Home Loan Bank Board....
The FSLIC contends that these provisions require that the validity of Gibraltar's claims be first decided by the receiver. Thereafter, if Gibraltar feels aggrieved by the receiver's determination, it can seek administrative review before the Federal Home Loan Bank Board and in the courts pursuant to the Administrative Procedure Act.
5. The Court is persuaded by the reasoning by the Fifth Circuit in North Mississippi Savings and Loan Association v. Hudspeth, 756 F.2d 1096 (5th Cir.1985), that the contentions of the FSLIC are correct.
6. Gibraltar argues that the Hudspeth decision was wrongly decided and that this Court should not follow that decision. Gibraltar contends that 12 U.S.C. 1730(k)(1), which grants original jurisdiction to the federal district courts of any civil action in which the FSLIC is a party, overrides the other statutory provisions. The interpretation argued by Gibraltar, however, would create an irreconcilable conflict between 12 U.S.C. 1730(k)(1) and the two statutory sections cited above. The Court finds that these statutory provisions should be so read that each retains some meaning. Section *1008 1730(k)(1) provides jurisdiction for the FSLIC to proceed in federal court when it is acting as plaintiff or when it is being sued in some capacity other than as receiver. Claims against the FSLIC as a receiver should, however, be first resolved through the administrative process.
7. Gibraltar also contends that the legislative history does not support the position taken by the Fifth Circuit. The Court disagrees and finds that the result reached in Hudspeth should be adopted because it gives deference to the complex regulatory scheme adopted by Congress for liquidating troubled savings and loan institutions. It was the intent of Congress to provide for quick relief, and it is not for this Court to frustrate the administrative process contemplated by Congress.
8. Lastly, Gibraltar argues that the position taken by the FSLIC constitutes an unconstitutional delegation of Article III powers to an administrative body. Gibraltar is not precluded access to the federal courts, however. It is simply required to exhaust its administrative remedies before seeking judicial review of the administrative determination under the Administrative Procedure Act. Hudspeth, 756 F.2d at 1103.
9. Gibraltar has urged the Court to defer a decision in this matter to permit it to conduct discovery regarding the motion to dismiss. This would include interrogatories on the rules for adjudicating claims before the FSLIC and on the order of priority the FSLIC intends to place on the claims before it. The Court finds that the motion to dismiss has raised strictly legal issues and that no discovery was necessary in order for Gibraltar to respond to it. Any concerns Gibraltar has about the legality of the administrative process before the FSLIC will be adequately protected by Gibraltar's right to judicial review of any FSLIC determination.
10. Because the FSLIC motion to dismiss must be granted, the Court will not consider the motion of Gibraltar to disqualify the law firm of Perkins Coie and to bar the transfer of confidences and secrets by the FSLIC.
Accordingly, the motion of the FSLIC to dismiss the cross-claims of Gibraltar is GRANTED. The motion of Gibraltar to defer decision on the motion to dismiss is DENIED.
The Clerk of this Court is instructed to send uncertified copies of this order to all counsel of record.