Homer H. and Vivian BAER, et al., Plaintiffs,

v.

Robert W. ABEL, et al., Defendants.

FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, Intervenor/Plaintiff,

v.

Robert A. KING, et al., Defendants.

No. C85–1581R.

United States District Court, W.D. Washington, Seattle Division.

Oct. 29, 1986.

John Hathaway, Edwards & Barbieri, Seattle, Wash., for plaintiffs.

Marco J. Magnano, Jr., Foster, Pepper & Riviera, William A. Helsell, Helsell, Fetterman, Martin, Todd & Hokanson, Evan L. Schwab, Bruce Lamka, Davis, Wright & Jones, Richard Clinton, Bogle & Gates, Katherine Hendricks, Hendricks & Lewis, Ronald M. Gould, Perkins, Coie, Stone, Olsen & Williams, T. Dennis George, George Hull & Porter, Dennis Smith, Reed, McClure, Moceri, Thonn & Moriarty, Seattle, Wash., for defendants.

## ORDER GRANTING FSLIC'S MOTION TO DISMISS COUNTERCLAIMS

ROTHSTEIN, District Judge.

THIS MATTER comes before the court on a motion by the Federal Savings and Loan Association ("FSLIC"), as receiver for Westside Federal Savings & Loan Association ("Westside"), to dismiss counterclaims against it by defendants King, Abel and Woodruff. Having reviewed the motion together with all documents submitted in support and in opposition, and being fully advised, the court finds and rules as follows:

On August 30, 1985, the Federal Home Loan Bank Board ("FHLBB") appointed FSLIC as receiver for Westside and, on March 13, 1986, FSLIC intervened in the instant suit as a plaintiff asserting claims against Westside's former officers and/or directors King, Abel and Woodruff for negligence, breach of fiduciary duty of care, breach of contract, violation of federal regulations, recovery of executive compensation paid and contribution or indemnification. In their answers to FSLIC's complaint, defendants King, Abel and Woodruff all filed counterclaims against FSLIC seeking indemnification for liability and costs they may incur in defending against this lawsuit and others concerning their acts and omissions as officers and/or directors of Westside. FSLIC now moves to dismiss those counterclaims on the grounds of sovereign immunity and lack of subject matter jurisdiction.

This court recently ruled in this case that, pursuant to the language of 12 U.S.C. §§ 1729(d) and 1464(d)(6)(C), it was precluded from exercising subject matter jurisdiction over claims against FSLIC as receiver until the claimants had exhausted their administrative remedies. *See* Order Granting FSLIC's Motions to Dismiss and Realign as Plaintiff issued on March 21, 1986, 648 F.Supp. 69. *See also North Mississippi Savings & Loan Association v. Hudspeth,* 756 F.2d 1096 (5th Cir.1985); *Rembold v. Gibraltar Savings and Loan Association,* 624 F.Supp. 1006 (W.D.Wash.1985); *Federal Savings and Loan Insurance Corp. v. Forde,* CV 85–774–WMB (C.D.Cal. Sept. 19, 1985). Defendants King, Abel and Woodruff have not exhausted the administrative process available to them, although they have all filed administrative claims with FSLIC.

Defendants argue, however, that their counterclaims against FSLIC do not fall within the scope of the court's prior ruling for several reasons. First, they contend that, by filing suit against them, FSLIC has waived its sovereign immunity from responsive counterclaims in the nature of recoupment arising out of the same transaction which is the subject of the suit.[1]

---

1. Defendants further contend that their counterclaims are compulsory under Fed.R.Civ.P. 13(a). As FSLIC argues in response, they cannot be compulsory because they are not mature claims until a judgment is entered against defendants. 3 J. Moore, *Moore's Federal Practice,* ¶ 13.32, at 13–189 (2d ed. 1985); *Chicago Freight Car Leas-*

For example, they point to *Federal Savings and Loan Insurance Corp. v. Quinn,* 419 F.2d 1014 (7th Cir.1969); and *Federal Savings and Loan Insurance Corp. v. Williams,* 599 F.Supp. 1184 (D.Md.1984). In both cases, it was held that FSLIC would not be allowed to insulate itself from counterclaims which merely asked for recoupment and could not result in an affirmative recovery. *Quinn,* 419 F.2d at 1019; *Williams,* 599 F.Supp. at 1209–10.

FSLIC responds and the court agrees that *Quinn* and *Williams* are readily distinguishable from the instant case because they only involved FSLIC acting in its corporate capacity and not as receiver. Hence, the courts in *Quinn* and *Williams* did not have to consider the effect of the language of 12 U.S.C. §§ 1729(d) and 1464(d)(6)(C), which only applies to situations in which FSLIC acts as receiver.

Second, defendants contend that trial of their counterclaims by this court will not restrain or affect the exercise of FSLIC's functions as receiver and, therefore, will not violate 12 U.S.C. § 1464(d)(6)(C). The court does not find this argument convincing. Clearly, if FSLIC were to prevail against defendants, the amount of that judgment would become a receivership asset from which defendants would in turn be seeking recovery pursuant to their counterclaims. If FSLIC were to lose its case against defendants, then they would be seeking recovery from other assets held by FSLIC as receiver. In either situation, trial of defendants' counterclaims would restrain or affect the exercise of FSLIC's functions as receiver contrary to 12 U.S.C. § 1464(d)(6)(C).

Finally, defendants contend in supplemental briefing that, because of a recent change in the language of 12 U.S.C. § 1729(d), that provision no longer limits this court's exercise of subject matter jurisdiction over claims against FSLIC as receiver. At the time the court previously ruled on the issue of its jurisdiction in this case, 12 U.S.C. § 1729(d) empowered FSLIC as receiver of a failed institution to resolve all claims against the institution subject only to the regulation of the FHLBB. Effective July 15, 1986, that statute now empowers FSLIC in the same manner "subject only to the regulation of the court or other public authority having jurisdiction over the matter." Defendants argue that this language clearly gives this court subject matter jurisdiction to hear their counterclaims.

But, as FSLIC asserts in response, the Ninth Circuit has ruled contrary to defendants' position. In *Hancock Financial Corp. v. Federal Savings and Loan Insurance Corp.,* 492 F.2d 1325, 1327 (9th Cir. 1974), the court construed the very language on which defendants rely and held that the words "court" and "authority" referred to the entity which appointed FSLIC as receiver. In this case, that entity is the FHLBB.[2]

For the reasons discussed above, defendants have failed to convince the court that they are not required to exhaust their administrative remedies before FSLIC and the FHLBB pursuant to 12 U.S.C. §§ 1729(d) and 1464(d)(6)(C). FSLIC's motion to dismiss defendants' counterclaims is accordingly GRANTED.

IT IS SO ORDERED.

---

*ing Co. v. Martin Marietta Corp.,* 66 F.R.D. 400, 404 (N.D.Ill.1975).

**2.** Defendants King also contend that submission of their counterclaim to FSLIC would be futile because, by filing suit against them, FSLIC is implicitly asserting that they are not entitled to indemnification. The court is not willing to conclude at this point that exhaustion of administrative remedies would be futile.