**VERNON SAVINGS & LOAN ASSOCIATION, a Texas savings & loan association and Home Federal Savings & Loan, Plaintiffs,**

v.

**HOMES INTERNATIONAL DEVELOPMENT CORPORATION, a Florida corporation d/b/a Habitat, a Shopping Mall, a Florida general partnership; Albert Jansenson; et al., Defendants.**

No. 87–8912–CIV.

United States District Court,
S.D. Florida, N.D.

Jan. 12, 1988.

Gary M. Carman, Holland & Knight, Miami, Fla., for Home Federal Sav. & Loan.

Gary A. Woodfield, Squires, Sanders & Dempsey, Palm Beach, Fla., for Federal Sav. and Loan Insurance Corp., As Receiver for Vernon Sav. & Loan Ass'n.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the Motion of the Federal Savings and Loan Insurance Corporation, as Receiver for Vernon Savings and Loan Association ("FSLIC") to Vacate the Order of Circuit Court Judge Hubert Lindsey Dated November 20, 1987. Judge Lindsey's Order substituted Home Federal Savings and Loan of Peoria, Illinois ("Home Federal") as lead lender and plaintiff in this foreclosure action in place of Vernon Savings and Loan Association, FSA ("New Vernon"). Home Federal based its motion upon a March 20, 1987 determination by the Federal Home Loan Bank Board

("FHLBB") that Old Vernon was insolvent and upon a provision of the loan participation agreement between Home Federal and Old Vernon which provided for removal of Old Vernon as lead lender upon its insolvency.

The FSLIC contends that Judge Lindsey lacked subject matter jurisdiction to enter the Order in question in that on November 20, 1987, the Federal Home Loan Bank Board declared New Vernon insolvent and appointed FSLIC as sole Receiver of New Vernon pursuant to 12 U.S.C. § 1464(d)(6)(A). The FSLIC timely removed this action to this court pursuant to 12 U.S.C. § 1730(k)(1)(C). The FSLIC requests that this court vacate the Order of Judge Lindsey and substitute it as lead plaintiff in this action.

Home Federal objects to the FSLIC's Motion to Vacate on two grounds. First, Home Federal argues that this court must accept the case as it found it on removal and may not alter or dissolve any orders entered by the state court. Second, Home Federal argues that Judge Lindsey had jurisdiction to and properly substituted Home Federal as the lead plaintiff in this action. Both of these arguments will be addressed separately below.

*Modification or dissolution of orders issued prior to removal.*

██ Home Federal is correct that upon removal, "the federal court takes the case up where the State court left it off." *Granny Goose Foods, Inc. v. Brotherhood Teamsters & Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 423, 436, 94 S.Ct. 1113, 1122–23, 39 L.Ed.2d 435 (1974) *quoting Duncan v. Gegan,* 101 U.S. (11 Otto) 810, 812, 25 L.Ed. 875 (1880). However, "[t]he full force and effect provided state court orders after removal of the case to federal court was not intended to be more than the force and effect the orders would have had in state court." *Granny Goose,* 415 U.S. at 436, 94 S.Ct. at 1122–23. The district court may dissolve or modify orders entered by the state court. 28 U.S.C. § 1450.

Judge Lindsey had the power to re-examine his own order while the case was before him. As a matter of fact, Judge Lindsey did re-evaluate his November 20, 1987 Order and denied the FSLIC's Motion for Rehearing. The fact that Judge Lindsey declined to reconsider that Order does not bar this court from doing so. "The power to re-examine is not lost by the transfer from state to federal system." *Hill v. United States Fidelity and Guaranty Co.,* 428 F.2d 112, 115 (5th Cir.1970). Thus, this court may, if it chooses, re-examine the interlocutory order naming Home Federal as lead lender and plaintiff.

*Jurisdiction to name lead plaintiff.*

The FSLIC contends that Judge Lindsey lacked jurisdiction to name Home Federal as lead lender and plaintiff. Upon appointment of the FSLIC as Receiver of an insolvent institution, the courts are prohibited from taking any action that would interfere with the powers and functions of the FSLIC as Receiver. 12 U.S.C. § 1464(d)(6)(C). The FSLIC claims that the appointment of Home Federal as lead lender and plaintiff interfered with the FSLIC's functions as Receiver of Vernon. Home Federal's motion to be substituted as lead plaintiff was granted on November 20, 1987, the same date that the FSLIC was named Receiver for New Vernon. Thus, the FSLIC requests an Order vacating Judge Lindsey's November 20, 1987 Order.

Title 12, United States Code, Section 1464(d)(6)(C) provides that "no court may take any action for or toward the removal of any conservator or receiver, or except at the instance of the Board, restrain or affect the exercise of powers or functions of a conservator or receiver." Numerous courts, including this court, have construed this provision as well as 12 U.S.C. § 1729(d), which states that the FSLIC's broad powers are subject only to the regulation of the FHLBB, to require the dismissal for lack of subject matter jurisdiction of any claims asserted by any party against the closed association, the receiver or the receivership assets. *See e.g., North Mississippi Savings & Loan Association v. Hudspeth,* 756 F.2d 1096 (5th Cir.1985); *James P. McCarthy v. Federal Savings and Loan Insurance Corporation,* Case No. 86–8593–CIV–GONZALEZ (S.D.Fla. Jan. 18, 1986); *contra Morrison–Knudsen Co. v. CHG International Inc.,* 811 F.2d 1209 (9th Cir.1987) (specifically rejecting *Hudspeth* analysis).

Relying on *Hudspeth* and its progeny, the United States Court of Appeals for the Seventh Circuit recently affirmed the dismissal of a declaratory judgment action in which several intervenor loan participants sought an order removing the FSLIC as lead plaintiff and lender upon the insolvency of the original lender. *Lyons Savings & Loan Assoc. v. Westside Bancorporation, Inc.,* 828 F.2d 387 (7th Cir.1987). The Seventh Circuit agreed that the district court lacked jurisdiction to resolve the intervenors' claim. The intervenors were required to first pursue their claim through the Federal Home Loan Bank Board's administrative process. *Id.* at 395.

The FSLIC contends that upon its appointment as Receiver for Vernon, the state court lacked jurisdiction to substitute Home Federal for Vernon as lead lender and plaintiff. This court must agree. Upon the naming of the FSLIC as Receiver for Vernon, Home Federal was and is required to pursue any claim or action which "restrains or affects" the exercise of the FSLIC's powers or functions as Receiver. The naming of an intervenor as lead plaintiff and lender is an action which would "restrain or affect" the FSLIC as prohibited by § 1464(d)(6)(C). *See Lyons,* 828 F.2d at 394–395. Accordingly, the state court lacked jurisdiction to enter the Order granting Home Federal's Motion for Substitution. *Id.* Such a motion may only be made through the administrative process provided by the FHLBB. *Id.* For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that the November 20, 1987 Order Naming Home Federal as lead lender and plaintiff be and the same is VACATED. The FSLIC, as Receiver for New Vernon shall be installed as lead plaintiff and lender.