**BLAIS CONSTRUCTION CO., INC., on behalf of itself and all others similarly situated, Plaintiff,**

v.

**HANOVER SQUARE ASSOCIATES–ONE, Limited Partnership, Matthew Antell, General Partner; Matthew Antell, Individually, Task Associates–Two, Limited Partnership, Matthew Antell, General Partner; Niagara Mohawk Power Corporation; Dromin Realty Inc.; Yankee Bank for Finance and Savings, F.S.B., Eleven Realty Trust; Empire International; Old Colony Mortgage Company; Southwest Realty; First Massachusetts Corporation; Mirabito Insurance, Inc.; Bruce Penny, d/b/a Allied Electric Co., Inc., Defendants.**

No. 87–CV–1511.

United States District Court, N.D. New York.

Sept. 6, 1988.

Menter Rudin & Trivelpiece (Gerald Mathews, of counsel), Syracuse, N.Y., for plaintiff.

Harris, Beach, Wilcox, Rubin & Levey (Bruce L. Maas, of counsel), Rochester, N.Y., for defendants Hanover Square–One, Antell, Task, Hanover Square–Two, Eleven Realty, Old Colony, Southwest Realty & First Massachusetts.

Melvin & Melvin (Roger W. Bradley, of counsel), Syracuse, N.Y., for defendant Niagara Mohawk.

Berger Gorin & Leuzzi (Edward E. Berger, of counsel), New York City, for defendant Dromin Realty.

D. Michael Tranum, Knoxville, Tenn., Hancock & Estabrook (Thomas Buckel, of counsel), Syracuse, N.Y., for FDIC.

### MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

On August 12, 1988, this court heard oral argument with respect to the defendant, Federal Deposit Insurance Corporation's ("FDIC"), motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1). After carefully consider-

ing the memoranda of law submitted by the various parties, and after hearing oral argument, the court has determined that the FDIC's motion to dismiss should be denied.

The issue presented here is whether the FDIC, as receiver, has exclusive jurisdiction to adjudicate claims against the insolvent Yankee Bank for Finance and Savings, FSB, which has been placed in FDIC receivership. The FDIC, relying upon the seminal case of *North Mississippi Savings & Loan Association v. Hudspeth*, 756 F.2d 1096 (5th Cir.1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986), and its progeny contends that this court lacks subject matter jurisdiction and that plaintiff's claims should be "switched to the 'administrative track'" before it is entitled to seek judicial review. Affidavit of Michael Tucci (6/23/88) at par. 10. In response, defendant, Hanover Square Associates–One, joined by plaintiff, Blais Construction Co., Inc., rely upon a contrary decision by the Ninth Circuit wherein the Court held that the Federal Savings and Loan Insurance Corporation ("FSLIC") had no power to adjudicate creditors' claims brought against it as the receiver of a failed thrift institution. *See Morrison–Knudsen Co., Inc. v. CHG International, Inc.*, 811 F.2d 1209 (9th Cir.1987), *appeal pending*.

Resolution of this motion is made difficult by that split of authority, combined with the fact that the issue is one of first impression in this court and has not been considered by the Second Circuit. The court has thoroughly examined those conflicting decisions, as well as the subsequent cases which discuss this split between the circuit courts. In the court's opinion, *Morrison–Knudsen* is the more soundly reasoned of the two decisions; and the court follows that decision as adopted by Judge Keaton in *Tocci Corporation v. Yankee Bank For Finance And Savings, FSB*, 690 F.Supp. 1127 (D.Mass.1988).

There are two aspect of those well-written decisions which the court finds particularly persuasive. The first is the Ninth Circuit's analogy between the FSLIC's receivership powers [1] and an insurance company's processing of a claim. *See Morrison–Knudsen*, 811 F.2d at 1218. Specifically, the Ninth Circuit astutely observed:

> Paying or refusing to pay, ..., is not an adjudication of a claim. The language of the regulation does not purport to give FSLIC the power to enter conclusive factual and binding legal findings. FSLIC is no more an adjudicator ... than is an insurance company authorized to "disallow" any claim not proved it its satisfaction and required to notify claimants thereof. The administrative process ... authorizes FSLIC and the Board, by disallowance of a claim and notice to the claimant, to determine *whether a dispute exists*. It does not empower FSLIC to *resolve the dispute with the force of law*.

*Id.* (emphasis in original).

The second persuasive factor is the perceptive observation by Judge Keaton in *Tocci* that:

> [A]llowing any person or entity to adjudicate claims against itself is an extraordinary arrangement because of the inherent conflict of interest implicit in such a dual role. An interpretation of a statute that attributes to Congress a manifestation of intent to create powers in an agency so likely to lead to impairment of impartiality in adjudication is inherently suspect.

*Id.* at 1132.

Accordingly, for the reasons set forth in *Morrison–Knudsen* and followed by the court in *Tocci*, the court hereby denies the defendant FDIC's motion to dismiss for lack of subject matter jurisdiction.

IT IS SO ORDERED.

---

**1.** Although *Morrison–Knudsen* and *Hudspeth* both involved the FSLIC, as opposed to the FDIC, in this court's opinion, due to the similarities between the receivership powers of those agencies, that factual distinction does not render either of those decisions meaningless.