The **FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION as Receiver for Vernon Savings and Loan Association, FSA, Plaintiff,**

v.

**Jack R. BRENNER, Defendant.**

**Civ. A. No. CA 3–87–0637–G.**

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 26, 1988.

Ann C. Kerney, David A. Ives, Leonard, Marsh, Hurt & Terry & Blinn, Dallas, Tex., for plaintiff; David I. Hammond, Barry S. Zisman, William G. Compton, Arter, Hadden & Witts, Dallas, Tex., Samuel J. Winer, Paul H. Friedman, Arter & Hadden, Jordan Luke, Dorothy Nichols, Charles McDonald, Office of the Gen. Counsel, Washington, D.C., of counsel.

Arnold Anderson Vickery, Vickery & Kilbride, Houston, Tex., for defendant.

## MEMORANDUM ORDER

FISH, District Judge.

This case is before the court on the motion for summary judgment of plaintiff, the Federal Savings and Loan Insurance Corporation ("FSLIC"). For the reasons stated below, the motion is granted.

### I. *Background*

On March 19, 1987, Vernon Savings and Loan Association ("VSLA") was declared insolvent and FSLIC was appointed as receiver. A new federally-chartered mutual association, VSLA–FSA, was created, which then purchased from FSLIC substantially all of the assets of VSLA. These assets included two promissory notes, for $60,000 and $35,014.75 respectively, executed in 1985 by defendant Jack R. Brenner ("Brenner"). On November 20, 1987, VSLA–FSA was declared insolvent, and FSLIC was appointed as receiver. By operation of law, FSLIC succeeded to all

right, title and interest of VSLA–FSA in the two notes. Joint pretrial order ("JTPO"), exh. C "Statement of Stipulated Facts" ¶ 1–5. FSLIC, as receiver for VSLA, seeks recovery on the notes in this action.

## II. *Stipulated Facts*

The parties have stipulated to the following facts:

1. The principal sums and accrued and unpaid interest on the notes are due and owing to FSLIC. JTPO, Exh. C ¶ 6.

2. The interest rate on the $60,000 note is 13 percent per annum. As of October 3, 1988, Brenner owed FSLIC $60,000 plus accrued and unpaid interest of $23,138.69. Brenner has paid $3,943.94, which has been credited toward the interest. JTPO, Exh. A "Summary of Plaintiff's Claims and Defenses" ¶ 2–5, stipulated to by defendant in letter of September 30, 1988.

3. The interest rate on the $35,014.75 note is 13.5 percent per annum. The first eleven payments of $347.10 were applied to pay interest only. Brenner has paid $3,944.93, which has been credited toward the interest and late charges on the note. As of October 3, 1988, Brenner owed FSLIC $35,014.75 plus $8,815.36 accrued and unpaid interest. *Id.* at ¶ 2–6.

4. As a result of Brenner's failure to pay the notes when due, FSLIC had to retain attorneys to prepare and prosecute its claims on these notes. FSLIC is entitled to recover necessary and reasonable attorney's fees incurred while pursuing its claims against Brenner. JTPO, Exh. C ¶ 7.

## III. *Set–Off*

■ This court concludes that Brenner cannot use his claims in this action to defeat or reduce FSLIC's recovery. The Federal Home Loan Bank Board ("FHLBB"), and not the federal courts, has original subject matter jurisdiction over claims asserted against the FSLIC for receivership assets. *North Mississippi Savings & Loan Association v. Hudspeth,* 756 F.2d 1096, 1101–02 (5th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986). This is true regardless of whether the claim is asserted as a counterclaim or an affirmative defense. *Federal Savings and Loan Insurance Corporation v. Ziegler,* 680 F.Supp. 235, 238 (E.D.La.1988); *Firstsouth, F.A. v. LaSalle National Bank,* No. 86 C 10247 (E.D.Ill. Sept. 7, 1987) [1987WL16895] (LEXIS, genfed Library, dist file); *Federal Savings and Loan Insurance Corporation v. Coral Woods, Inc.,* No. 86–6815–CIV–ZLOCH, slip op. at 3 (S.D.Fla. June 24, 1987); *Federal Savings and Loan Insurance Corporation v. Moonraker Bay,* No. 86–8578–CIV–ROETTGER, slip op. at 7 (S.D.Fla. Dec. 16, 1987).

Although Brenner's claim is labeled an affirmative defense, he seeks to set it off against what are clearly receivership assets, viz., the sums he admits are owed to FSLIC as owner of the notes. To allow Brenner to assert such a set-off here would frustrate the statutory scheme envisioned in *Hudspeth.* Indeed, if this court were to decide the merits of Brenner's claim as an affirmative defense, the FHLBB would necessarily be prevented from deciding its merits as a counterclaim. This result would fly in the face of the administrative scheme Congress created for receivership claims. *Hudspeth,* 756 F.2d at 1101.

■ In support of his argument for set-off, Brenner cites *Federal Savings and Loan Insurance Corporation v. Florida 100 Development Group, Inc.,* 670 F.Supp. 1577 (S.D.Fla.1987), where the court allowed a defendant to present an affirmative defense to an action brought by FSLIC.[1] For the reasons stated above, this

---

1. *Florida 100* was based on that court's fear that FSLIC would somehow act as judge and jury in its own case if the court did not hear the affirmative defense. 670 F.Supp. at 1583. That analysis is incorrect; there is review by the FHLBB and then judicial review pursuant to the Administrative Procedure Act. *Hudspeth,* 756 F.2d at 1103. In any event, *Florida 100* is inapplicable to this case because it simply held that affirmative defenses which go to the validity of FSLIC's claims can be brought in federal court. 670 F.Supp. at 1583. Here, however, Brenner has admitted that FSLIC's claim is valid. A claim of set-off does not affect the validity of the plaintiff's claim, but merely reduces the plaintiff's

court joins the many courts which have ruled to the contrary.[2]

## IV. *Attorneys' Fees*

 FSLIC seeks to recover $41,116.32 in attorneys' fees, supported by affidavit of counsel. While Brenner does not dispute that FSLIC is entitled to attorneys' fees for prosecuting its claim on the promissory notes, he contends that FSLIC is not entitled to them for its defense of his counterclaim. He maintains that since the vast majority of counsel's work has been devoted towards defeating the counterclaim, attorneys' fees should be limited to ten percent of the principal due on the notes.

Brenner's contention is incorrect as a matter of law. Attorneys' fees can be recovered in a suit on a written contract. Tex.Civ. Prac. & Rem.Code, § 38.001 (Vernon's 1986). Where the defense to a counterclaim and the prosecution of a claim for which recovery of attorneys' fees are closely interwoven, Texas law allows recovery of attorneys' fees for both. *Wilkins v. Bain,* 615 S.W.2d 314, 316 (Tex.Civ.App.—Dallas 1981, no writ); *Ortiz v. O.J. Beck & Sons, Inc.,* 611 S.W.2d 860, 867 (Tex.Civ. App.—Corpus Christi 1980, no writ). Here, if Brenner's counterclaim had not been defeated, FSLIC could not have obtained a remedy for the claim it was prosecuting. Hence, the requisite interdependence is present.

## V. *Conclusion*

For the reasons stated, FSLIC is entitled to summary judgment that:

1. FSLIC is entitled to recover from Brenner the amounts owed on the promissory notes as stipulated: $83,138.69 in principal and interest on the $60,000 note and $43,830.09 in principal and interest on the $35,014.75 note.

2. Brenner cannot assert an affirmative defense of set-off in this action.

3. FSLIC may recover $41,116.32 in attorneys' fees.

Within ten days of this date, counsel for FSLIC shall submit a proposed form of judgment consistent with this memorandum order.

SO ORDERED.

---

remedy. · *Matter of Johnson,* 552 F.2d 1072, 1078 (4th Cir.1977).

**2.** Brenner also alludes, almost in passing, to a possible deprivation of due process if he is not allowed to bring his set-off claim as an affirmative defense. Motion for Summary Judgment at 4. He offers neither citation of authority nor any reasoning in support of this contention. Deprivation of due process does not occur merely because Congress designs a framework in which claims must be decided first at the administrative level, with later judicial review under the Administrative Procedure Act.