**FEDERAL SAVINGS & LOAN INSURANCE CORP., As Federal Savings & Loan Association, Plaintiff–Appellant,**

v.

**Richard L. KERR, Trustee, Consolidated Equity Capital Venture and Commerce Savings Association, Defendants–Appellees.**

No. 88–5501.

United States Court of Appeals,
Fifth Circuit.

Nov. 15, 1988.

Robert W. Dupuy, Walter C. Cooke, Austin, Tex., for plaintiff-appellant.

Keith E. Kaiser, Royal B. Lea, III, San Antonio, Tex., for Commerce Sav. Ass'n.

Dale Wilson, Foster, Lewis, Langley, Gardner & Banack, Inc., San Antonio, Tex., for Kerr and Consol. Equity Capital Venture.

Before THORNBERRY, RUBIN, and HIGGINBOTHAM, Circuit Judges.

THORNBERRY, Circuit Judge:

Plaintiff–Appellant, as Receiver for failed bank that held inferior lien on property, brought suit to enjoin the non-judicial foreclosure sale of property by Defendant–Appellee, holder of superior lien. The district court denied injunctive and other relief. We affirm.

## I.

On June 4, 1984, GSO Investment Company ("GSO") purchased property from Consolidated Equity Capital Venture ("Consolidated"). In conjunction with the purchase of the property, GSO executed a promissory note ("Consolidated note") payable to Consolidated for $2,442,504. A first lien deed of trust secured the note. On the same day, GSO also borrowed $3,783,069 from Liberty Federal Savings and Loan Association ("Liberty") in connection with the purchase of the property from Consolidated. A wrap-around real estate lien note ("Liberty note") evidenced the Liberty loan and a second lien deed of trust secured the loan. Consolidated transferred the Consolidated note and the lien securing the note to Commerce Savings Association.

After several extensions on the payment date, the Consolidated note became due in full at the end of June 1987. GSO failed to pay the balance of the note in time. Consolidated posted the property for a non-judicial foreclosure sale on November 3, 1987. In the meantime, the Federal Home Loan Bank Board (FHLBB) appointed the Federal Savings and Loan Insurance Corporation (FSLIC) as Receiver for Liberty. The FSLIC sought a temporary restraining order to halt Consolidated's foreclosure sale. The district court granted the restraining order, but later denied the FSLIC's request for a preliminary injunction. The trustee for Consolidated held a non-judicial foreclosure sale on February 2, 1988. Consolidated bought the property at the sale.

The sole issue on appeal is whether the district court erred in allowing Consolidated to proceed with the foreclosure absent consent of the FSLIC or approval of the FHLBB. The FSLIC urges this court to allow the FHLBB or the FSLIC, when in the position of receiver holding an inferior lien, to delay a superior lienholder's foreclosure on its lien until the unpaid principal and interest owed the superior lienholder equals or exceeds the fair market value of the property as determined by the FHLBB.

## II.

■ There is no basis in law or policy for the FSLIC's contention that Consolidated needed the approval of the FHLBB or consent of the FSLIC before foreclosing on its superior lien. Texas law prohibits the sale "of property held *in custodia legis* by a duly appointed receiver, unless the sale is authorized by the court in which the receivership is pending." *First Southern Properties, Inc. v. Vallone*, 533 S.W.2d 339, 341 (Tex.1976); *see also Neel v. Fuller*, 557 S.W.2d 73 (Tex.1977). *First Southern* and its progeny involved receivers who possessed or had custody of property upon which a lienholder attempted to foreclose. In the instant case, GSO, not the FSLIC, possessed the property at the time of the foreclosure sale. The only item the FSLIC held *in custodia legis* was the Liberty note. We reject the FSLIC's attempt to expand the doctrine of *in custodia legis* to give a receiver holding an inferior lien, or the authority having jurisdiction over the receiver, the right to delay a superior lienholder from non-judicially foreclosing on its lien.

This Circuit has recognized that the FSLIC has primary jurisdiction over claims against an insolvent bank, for which the FSLIC is the Receiver. *Henry v. Independent American Savings Ass'n*, 857 F.2d 995 (5th Cir.1988); *North Mississippi Savings and Loan Association v. Hudspeth*, 756 F.2d 1096 (5th Cir.1985) *cert. denied*, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986). *But see Morrison–Knudsen Co., Inc. v. CHG International, Inc.*, 811 F.2d 1209 (9th Cir.1987) *cert. pending sub nom. Federal Savings and Loan Insurance Corp. v. Stevenson Associates*, 811 F.2d 1209 (9th Cir.1987); *Federal Savings and Loan Insurance Corp. v. Glen Ridge I Condominiums*, 750 S.W.2d 757 (Tex.

1988). *Hudspeth* involved a claim against assets originally held by the FSLIC as Receiver. The instant case is distinct from *Hudspeth* in several respects. First, GSO, not the FSLIC, possessed the property before the foreclosure. The FSLIC is simply a junior lienholder without any possessory or custodial interest. No claim has been made against the property held by the receivership. Second, there is no dispute in this case requiring resolution by the FSLIC; all the parties agree that Consolidated holds a valid and superior lien.

### III.

There is no statutory support for the FSLIC's position. 12 U.S.C. § 1464(d)(6)(C) states that *"no court* may take any action for or toward the removal of any ... receiver, or ... restrain or affect the exercise of powers or functions of a ... receiver" [emphasis added]. Because Consolidated's foreclosure was non-judicial, there was no court involvement and this section of the statute does not apply.

Similarly 12 U.S.C. § 1729(d) does not apply to the facts in this case. 12 U.S.C. § 1729(d) provides that "[i]n connection with the liquidation of insured institutions, the [FSLIC] shall have power to ... *release claims in favor of or against the insured institutions*, and to do all other things that may be necessary in connection therewith ..." [emphasis added]. Consolidated's claim is against GSO, not against Liberty or the FSLIC. Therefore, the FSLIC cannot find support in this section of the statute.

### IV.

Public policy squarely supports the right of the superior lienholder to foreclose under these facts. The FSLIC's position imposes a tremendous burden on the superior lienholder by giving the FSLIC the power to freeze the property until it increases in value. Simply because a bank assumed a risky position by taking an inferior lien, the FSLIC as Receiver of the bank should not be able to shift the burden of that risk onto a superior lienholder. Such a result would put the FSLIC in a better position than the bank would have been in had the bank remained solvent.

For the above reasons, we AFFIRM the district court.