**F.S.L.I.C.—Receiver for Vista Savings Association**

**and**

**Consolidated Federal Bank, Intervenor,**

v.

**DESERT INN COMPANY, et al.**

No. MO–89–CA–014.

United States District Court,
W.D. Texas,
Midland–Odessa Division.

May 30, 1989.

Lonnie Hobbs, Lynch, Chappell & Alsup, Midland, Tex., for Vista Sav. Ass'n.

D. Steven Henry, Margaret Ann White, Joe Bill Harrison, Gardere & Wynne, Dallas, Tex., for F.S.L.I.C.

Cindy McKeehan, Fred M. "Mickey" Jones, Odessa, Tex., Steven J. Lownds, Robert J. Potrykus, Jr., Winstead, McGuire, Sechrest & Minick, Dallas, Tex., for Consolidated Federal Bank, F.S.B.

Gloria T. Svanas, Roy L. Bell, Bell & Jatko, Odessa, Tex., for Desert Inn Co., D.C. Harrill, Jr. and D.J. Proulx.

## ORDER

BUNTON, Chief Judge.

BEFORE THIS COURT is the Federal Savings and Loan Insurance Corporation ("FSLIC") with its Motion for Reconsideration of its Motion to Dismiss in the above-captioned cause pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon consideration of the Motion, response, and arguments of the parties, the Court is of the opinion that said Motion should be DENIED.

## FACTUAL BACKGROUND

On December 1, 1982, Defendants executed a promissory note made payable to Vista Savings Association ("VSA") in the original principle sum of $550,000 payable in equal monthly installments and secured by Deed of Trust covering real property owned by Defendants.

Defendants became delinquent in the note payments and VSA declared the note in default and accelerated the balance. A nonjudicial foreclosure sale was conducted pursuant to the Deed of Trust on May 7, 1985. Defendants' property was sold at public auction to VSA for $420,000. This suit was brought for a deficiency judgment alleging a principal sum due of $235,992.58, plus attorney's fees, interest and costs. Plaintiff, Vista Savings Association ("VSA"), initiated this suit on or about November 28, 1988, in the 70th District Court, Ector County, Texas. Sometime thereafter, Defendant D.C. Harrill, Jr., partner of Desert Inn Company, filed his

Answer asserting laches and statute of limitations as affirmative defenses and counterclaiming based upon usury, and violations of the Deceptive Trade Practices Act. Co–Defendant and partner D.J. Proulx did not file his Answer until May 2, 1989.

On December 22, 1988, the Federal Home Loan Bank Board ("FHLBB") determined that VSA was insolvent, closed the Association and appointed FSLIC as Receiver ("FSLIC") pursuant to 12 U.S.C. Sections 1464(d)(6)(A) and 1729(c)(1)(B). On January 18, 1989, the FSLIC removed this action to this Court. Once FSLIC is appointed, it steps into the shoes of the Association and takes control of its assets.

FHLBB regulations require that FSLIC adopt the Texas priority scheme for the ordering of claims against insolvent institutions. *See* 53 Fed.Reg. 25,129, 25,133 (1988) [to be codified at 12 C.F.R. Section 569c.11(a)(6)].[1]

In the present case, the Bank Board determined that the Association's assets were insufficient to satisfy its liabilities to its secured creditors and depositors. Therefore, no money would remain to pay the claims of members of classes with lower priorities. The FHLBB instructed FSLIC to notify lower priority claimants, including Defendants[2], that their claims were worthless. *See* FHLBB Resolution No. 88–1372P (attached to FSLIC's Motion to Dismiss.) Accordingly, FSLIC argues that Defendants' claims should be dismissed as moot on the grounds that (1) they do not present a live case or controversy; (2) prudential reasons dictate that this Court should dismiss this case; and (3) the application of bankruptcy principles demonstrate the appropriateness of dismissing this case.

## DISCUSSION

■ It is hornbook law that Federal Courts may not adjudicate moot cases. *See*

13A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* Sections 3533, 3533.1 (2d ed. 1984). This Court agrees that a lawsuit can become moot and hence nonjusticiable, as a result of a change in circumstances either because the dispute no longer satisfies the "case or controversy" requirement of Article III of the United States Constitution or because prudential reasons dictate that the Court refrain from exercising its jurisdiction.

■ It is undisputed that when the Defendants first filed their claim against the Association, that claim constituted a justiciable dispute. FSLIC recognizes that had Defendants' suit resulted in a judgment, Defendants conceivably could have executed on that judgment. Reconsideration Brief at 7. However, FSLIC argues that when the FHLBB determined that the claims of the Association's unsecured creditors were worthless, Defendants lost any possibility of ever recovering any portion their claims. Accordingly, FSLIC argues that this suit no longer presents a live case or controversy. This Court disagrees.

This Court recognizes that its duty "is to decide actual controversies by a judgment which can be carried into effect...." *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895). However, this Court is not convinced that the present case involves a controversy which may lead to a judgment that could never be carried into effect. While Defendants' claims, if valid, may be currently uncollectible, creditor claims are to be paid by the Receiver "from time to time, to the extent funds are available, in such manner and amounts as the Board may direct." *See* 12 C.F.R. Section 549.4(d) (1988); *Coit Independence Joint Venture v. FirstSouth, N.A.*, 489 U.S. 561, 576, 109 S.Ct. 1361, 1370, 103

---

1. Under this scheme, FSLIC is to pay valid claims of each class of creditors in descending order in full and move on to the next class until it could not satisfy in full the claims of a particular class. The first class that could not be satisfied in full were to receive pro rata payments of the amount remaining for that class. Thus, nothing would be left for the remaining classes of claimants. *See* 53 Fed.Reg. 25,133

(1988) [to be codified at 12 C.F.R. Section 569c.11(d)].

2. Defendants seek a money judgment against FSLIC. It is undisputed that if Defendants are successful, they would become general unsecured creditors of the receivership.

---

---

L.Ed.2d 602 (1989). Pursuant to 12 U.S.C. Section 1725(c)(4), FSLIC is authorized to pursue claims and recover monies on behalf of the receivership estate. Accordingly, FSLIC may recover monies in its receivership capacity and in turn pay creditors' claims pursuant to 12 C.F.R. Section 549.-4(d).

FSLIC further argues [3] that the costs of adjudicating the present case far outweighs any legitimate value that a determination on the merits might possess. For the foregoing reasons, this Court disagrees.

Finally, FSLIC argues that the application of mootness principles in bankruptcy liquidations demonstrates the appropriateness of dismissing this case as moot. Often, in the bankruptcy context, some categories of creditors receive nothing because the assets of the bankruptcy estate are insufficient to pay higher priority claims. The trustee is then required to notify claimants that the normal proof of claim process will not be implemented, that they should not file claims, *and that if assets are later available, further notice and opportunity to file claims will be provided.* Bankr. Rule 2002(e) [emphasis added.] This Court is of the opinion that FSLIC's analogy proves too much. FSLIC has pointed to no procedure or regulation whereby claimants or potential claimants would be provided with notice and an opportunity to file a claim should funds later become available.

This Court is of the opinion that the Court is not divested of subject matter jurisdiction to determine the validity of claims against institutions under FSLIC receivership due to the fortuitous circumstance that the FSLIC happened to run out of money. Accordingly,

IT IS ORDERED that Defendants' Motion for Reconsideration of its Motion to Dismiss the above-captioned cause for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) is hereby DENIED.

[3] FSLIC argues that a number of Courts, including two in the Northern District of Texas, have already dismissed claims against FSLIC–R at least in part on the ground that worthlessness of the claims made it impossible for the Court to grant effective relief. *See e.g., Merabank, Texas v. Bates,* No. CA5–88–272–C, 1989 WL 239679 (N.D.Tex. Feb. 1, 1989) (Cummings, J.) (dismissing suit because Bank Board determined that no assets remained for general creditors and thus "even if this Court had subject matter jurisdiction, no relief can be fashioned"); *Cunningham v. Sigler,* No. CA3–88–2881–T (N.D.Tex. Feb. 2, 1989) (Maloney, J.) (granting motion to dismiss

[in reliance upon the reasoning in *North Mississippi Savings and Loan Association v. Hudspeth,* 756 F.2d 1096 (5th Cir.1985) that the suit was] based "solely on the existence of a tenuous claim against an insolvent savings and loan" and "claim will ultimately be unrecoverable because there are no assets remaining in the savings and loan"). Reconsideration Brief at 8, n. 4 and attachments.

This Court notes that both decisions were rendered prior to the Supreme Court's decision in *Coit* and with primary reliance upon *Hudspeth.*