FEDERAL SAVINGS AND LOAN IN-
SURANCE CORPORATION as Receiv-
er for Crescent Federal Savings Bank

v.

Malcolm E. ZIEGLER.

Civ. A. No. 86–5297.

United States District Court,
E.D. Louisiana.

Jan. 20, 1988.

Rebecca S. Stulb, Corinne A. Morrison, Robert S. Rooth, T.S., New Orleans, La., for plaintiff.

Malcolm Ziegler, Patrick D. Breeden, New Orleans, La., for defendant.

McNAMARA, District Judge.

Before the court is the Motion of Plaintiff, Federal Savings and Loan Insurance

Corporation, as Receiver for Crescent Federal Savings Bank ("FSLIC"), for Summary Judgment. Defendant, Malcolm E. Ziegler, opposes the Motion. The Motion was heard at the Pre–Trial Conference of this matter, held on Wednesday, January 13, 1988. Counsel present were: Corinne Morrison, Rebecca Stulb, Patrick Breeden and Malcolm Ziegler.

FSLIC instituted this suit to collect the balance it alleges it is due and owing under the terms of a promissory note ("the Note") executed by Malcolm Ziegler, in the amount of $125,000.00. It is not disputed by the parties that Defendant signed the Note in exchange for certain time-share mortgage notes held by Crescent. However, Ziegler contends that he is not obligated to pay the amounts due on the Note, asserting affirmative defenses of failure of consideration, breach of contract, duress, compromise and settlement of the Note, FSLIC's violation of its duty of good faith and fair dealing, and set-off.

 Several of the defenses asserted by Defendant present a classic case for the application of the doctrine developed by *D'Oench, Duhme & Co., Inc. v. Federal Deposit Ins. Corp.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), and its progeny, which estopped defendants from asserting against the FDIC defenses based on oral agreements. The *D'Oench, Duhme* doctrine has been held to apply to FSLIC as well as to the FDIC. *Federal Savings & Loan Insurance Corp. v. Hickey*, No. 86–3091 (E.D.La. Sept. 18, 1987) [Available on WESTLAW, 1987 WL 17329]. Under *D'Oench, Duhme* principles, Defendant's defense of failure of consideration is barred. *Federal Deposit Insurance Corp. v. McClanahan*, 795 F.2d 512 (5th Cir. 1986). Defendant's second affirmative defense is that FSLIC, as Receiver for Crescent, "failed to comply with all of the terms, conditions, and obligations of loan commitments and loan agreements made in connection with the Note herein sued upon." (Answer, para. VIII) Defendant has come forward with no evidence of a written loan commitment or loan agreement involving the Note sued upon. It is unclear whether Defendant contends that there were oral commitments or agreements made in connection with the loan. In any event, breach of an oral commitment or agreement is unavailable as a defense under the *D'Oench, Duhme* doctrine. Defendant's fourth affirmative defense alleges that Crescent compromised and settled the Note sued upon. (Answer, para. X) Again, Defendant has come forward with no evidence of a written compromise of the amounts due under the Note. Any alleged oral compromise may not be asserted as a defense to this suit on the Note under *D'Oench, Duhme*.

 Another affirmative defense advanced by Defendant is that Plaintiff may not recover "as a result of duress, threats and coercion on behalf of Crescent ... against the Defendant, in connection with the Note." (Answer, para. IX) In order for duress to vitiate consent, the duress must be "of such a nature as to cause a reasonable fear of unjust and considerable injury to a party's person, property, or reputation." La.Civ.Code Ann. art. 1959. Parol evidence is admissible to prove a vice of consent such as duress. La.Civ.Code Ann. art. 1848.

Mr. Ziegler's claim of duress revolves around his allegation that Crescent threatened to stop funding the Ambassador Inn timeshare project if he didn't sign the Note. (Ziegler depo., p. 40) Either Crescent had a right to stop funding the timeshare project or it didn't. In the event Crescent had such a right, the threat cannot constitute duress, since "[a] threat of doing a lawful act or a threat of exercising a right does not constitute duress." La.Civ.Code Ann. art. 1962. If, on the other hand, Crescent had *no* legal right to cease funding, the court nonetheless finds as a matter of law that the alleged threat made to Mr. Ziegler is not of such a nature as to constitute duress. Article 1959 requires that the "personal circumstances of a party must be taken into account in determining the reasonableness" of one's fear of injury. The record reveals that Mr. Ziegler was a practicing attorney and was involved in at least one large scale real estate financing when

he signed the Note that is the subject matter of this lawsuit. (The alleged threat to stop funding related to a project involving a loan of at least $4,000,000.00.) Such an individual must be charged with knowledge that Crescent could be held liable for any failure to comply with its obligations relative to the timeshare loan. If Mr. Ziegler had a fear of injury, the court finds that it was not a reasonable one, and thus, there can be no finding of duress.

Defendant's fifth affirmative defense is that FSLIC, individually, and as Receiver for Crescent, violated a duty of good faith and fair dealing with Defendant. (Answer, para. XI) Defendant's sixth affirmative defense is that he is entitled to $30,000.00 in setoff for legal services rendered to Crescent. (Answer, para. XII) This court lacks subject matter jurisdiction over both of these claims. Original jurisdiction over the conduct of FSLIC lies with the Federal Home Loan Bank Board (FHLBB). *North Mississippi Savings & Loan Association v. Hudspeth*, 756 F.2d 1096 (5th Cir.1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986). Though Defendant characterizes the setoff claim as an affirmative defense, he has come forward with no evidence that it is any thing other than a separate claim for compensation, which under *Hudspeth*, must first be submitted to the FHLBB, with review available under the Administrative Procedure Act.

In his opposition, Defendant characterizes the transaction involving the Note as a "sale of movables" (supplemental opposition, p. 1). Ziegler argues that such a transaction lies outside the reach of the *D'Oench, Duhme* doctrine. In support he cites *dicta* from *Federal Deposit Insurance Corp. v. McClanahan*, 795 F.2d at 515, where the court stated:

> *D'Oench, Duhme* has not been read to mean that there can be no defenses at all to attempts by the FDIC to collect on promissory notes. For example, the FDIC does not contend that it could have sued McClanahan on the $86,000 note to which his signature had been forged. Similarly, where the note imposes bilateral obligations on the parties, rather than creating a unilateral obligation by the maker to pay a sum certain, courts have held that the maker may defend himself by contending that the bank breached its obligations under the note.

*Id.* at 515 (citations omitted). But this is not a case where *"the note* imposes bilateral obligations on the parties", rather the Note being sued upon creates a unilateral obligation on the part of Mr. Ziegler to pay a sum certain.

Accordingly, after considering the argument, memoranda and attachments of counsel, the court finds that there are no material issues of fact in dispute, and that Plaintiff, Federal Savings & Loan Insurance Corporation, as Receiver for Crescent Federal Savings Bank, is entitled to judgment as a matter of law, and summary judgment is hereby GRANTED on the following claims:

1. Claim for the principal amount of $125,000.00, plus interest accrued as of November 23, 1987 in the amount of $47,855.85, plus interest at the rate of twelve (12%) percent per annum from November 24, 1987, on the sum of $125,000.00, until paid;

2. Claims for late charges in the amount of $1,607.22;

3. Claim for attorney's fees; however, the amount of attorney's fees due Plaintiff will be determined by the court. In this regard, Plaintiff is instructed to submit his claim to the court by affidavit no later than Friday, January 22, 1988 at 4:00 p.m. At the same time, Plaintiff is instructed to hand deliver copies of the affidavit to opposing counsel. If Defendant wishes to traverse the affidavit, he is instructed to notify the court in writing by Tuesday, January 26, 1988. If so notified, the court will schedule a hearing, limited to the issue of the reasonableness of Plaintiff's claim for attorney's fees.