FEDERAL SAVINGS AND LOAN IN-SURANCE CORPORATION, as Conservator for Columbus Savings & Loan Association and TAM Financial Corporation, Plaintiffs,

v.

FRUMENTI DEVELOPMENT CORPORATION, a California corporation, and Peter J. Frumenti, Sr., an individual, Defendants.

No. C–86–2438 EFL.

United States District Court, N.D. California.

Jan. 14, 1988.

Richard Urdan, Graham & James, San Francisco, Cal., Jordan Luke, General Counsel, Federal Home Loan Bank Bd., Washington, D.C., for plaintiffs.

Thomas J. Brandi, Bianco, Brandy, Jones & Rudy, M. Janice Smith, Adams, Sadler & Hovin, Sandra J. Shapiro, Bancroft, Avery & McAlister, San Francisco, Cal., for defendants.

## MEMORANDUM DECISION

LYNCH, District Judge.

### I.

### INTRODUCTION

This case is before the Court on defendants' motion to remand for lack of subject matter jurisdiction. The motion presents an issue of statutory interpretation. The question is whether the Federal Savings and Loan Insurance Corporation ("FSLIC"), which substituted for one of the original plaintiffs in a state court action filed by a state chartered savings and loan association, may remove the action to federal court when it is acting solely in its capacity as conservator for the insolvent savings and loan association, and when it is suing solely to recoup money and assets on behalf of that institution.

### II.

### FACTS

Columbus Savings & Loan Association ("Columbus") and its wholly owned subsidiary, TAM Financial Corporation ("TAM"), brought this action in California Superior Court against Frumenti Development Cor-

poration ("Frumenti Corporation") and Peter Frumenti ("Frumenti"). The complaint alleged eight causes of action, including fraud, negligent misrepresentation, and breach of contract.

The action, involving only state law claims, arose out of a joint venture agreement between plaintiffs and defendants concerning a parcel of real property known as Serramonte Highlands. Under the agreement, Columbus was to acquire the property through defendants, who were to act as general contractors and developers of the property. Frumenti and TAM were to be the general partners of the project. An addendum to the original agreement called for defendants to provide collateral in the form of certain shares of common stock and some deeds of trust. Defendants allegedly ceased to perform in November 1985, and plaintiffs took control of the property. Columbus and TAM filed the state action in January 1986.

In April 1986, the Federal Home Loan Bank Board ("FHLBB") appointed the FSLIC as conservator for the insolvent Columbus. The FSLIC then became a party plaintiff in the state action. In May 1986, the FSLIC filed a petition for removal of this action to federal court pursuant to 12 U.S.C. § 1730(k)(1)(C). Defendants responded with the present motion to remand to state court for lack of subject matter jurisdiction under section 1730(k)(1).[1]

### III.
### ANALYSIS
#### A. *Agency Jurisdiction*

Plaintiffs note that under 1730(k)(1)(A), the FSLIC is "deemed to be an agency of the United States." The significance of this characterization is that 28 U.S.C. § 1345 provides for federal jurisdiction over all actions "commenced by any agency of the United States." Section 1730(k)(1)(A), according to plaintiffs, therefore provides "agency jurisdiction" whenever the FSLIC commences a lawsuit in federal court. There is some authority for this proposition. *See Federal Savings and Loan Ins. Corp. v. Sajovich,* 642 F.Supp. 74 (C.D.Cal.1986).

Defendants respond that the FSLIC may rely on agency jurisdiction only when it sues in its "corporate" capacity, in other words, as an insurer asserting the rights of the FSLIC, rather than as a conservator asserting the rights of an insolvent institution. There is also authority for this view. *See Federal Savings and Loan Ins. Corp. v. Capozzi,* 653 F.Supp. 591 (E.D.Mo.1987).

However, this Court need not rule on the validity of the corporate capacity/conservator capacity distinction, because the FSLIC did not commence this action in federal court, but rather removed it from state court. Authority for this removal must come from one or both of two sources: the general removal statute, 28 U.S.C. § 1441(a), or subparagraph (C) of section 1730(k)(1).

Section 1441(a) permits *defendants,* not plaintiffs, to remove actions from state to federal court. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Oregon Egg Producers v. Andrew,* 458 F.2d 382, 383 (9th Cir.1972). Consequently, as a party

---

**1.** Title 12 U.S.C. section 1730(k)(1) provides:

Notwithstanding any other provision of law, (A) the Corporation [FSLIC] shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28; (B) any civil action, suit, or proceeding to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect: *Provided,* That any action, suit, or proceeding to which the Corporation is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States. No attachment or execution shall be issued against the Corporation or its property before final judgment in any action, suit, or proceeding in any court of any State or of the United States or any territory, or any other court.

plaintiff, the FSLIC may not rely on section 1441(a) as authority for removal. That leaves section 1730(k)(1)(C) as the only potential source of removal authority.

Subparagraph (C) is not an independent source of original jurisdiction. It provides that the FSLIC may remove any "such action" to federal court. The phrase "such action" obviously refers to an action previously described in the subsection. The only prior reference to an "action" is in subparagraph (B), which confers "arising under" jurisdiction on the FSLIC. Subparagraph (A), which confers "agency" jurisdiction on the FSLIC, contains no reference to an "action." Thus, subparagraph (C) authorizes only the removal of (B)-type or "arising under" cases and not (A)-type or "agency" cases.

This interpretation not only squares with the language of the statute, but also produces sensible results. Subparagraph (A), read in conjunction with 28 U.S.C. § 1345, authorizes the FSLIC to *initiate* lawsuits in federal courts. Removal, on the other hand, is a device for invoking federal jurisdiction after commencement of the litigation. It seems unlikely, therefore, that Congress contemplated the use of 28 U.S.C. § 1345 to permit the United States to remove an action commenced in state court.

In short, because this case is in federal court on removal, section 1730(k)(1)(A) does not provide a source of jurisdiction. *See W–V Enterprises v. North Kansas Savings Ass'n,* 628 F.Supp. 1261 (D.Kan.1986).[2] Accordingly, the Court now turns to whether subparagraphs (B) and (C) authorize it to hear this case.

### B. *"Arising Under" Jurisdiction and Removal*

As noted above, subparagraph (C) authorizes the removal of (B)-type cases originally brought in state court. Therefore, any action removed pursuant to subparagraph (C) must satisfy the requirements of subparagraph (B). *See Federal Savings and Loan Ins. Corp. v. Krueger,* 435 F.2d 633, 636 (7th Cir.1970), *overruled on other grounds* in *Federal Savings and Loan Ins. Corp. v. Ticktin,* 832 F.2d 1438 (7th Cir.1987).

Subparagraph (B) provides that any proceeding to which the FSLIC is a party shall be deemed to arise under the laws of the United States and United States district courts shall have original jurisdiction over such actions. In contrast to subparagraph (A), which is aimed at situations in which the FSLIC is bringing suit, subparagraph (B) permits parties to sue the FSLIC in federal court. *See generally Hancock v. Federal Savings and Loan Ins. Corp.,* 492 F.2d 1325, 1328 (9th Cir.1974).

It is not clear, however, that subparagraph (B) is limited to cases in which the FSLIC is a defendant. Since the language of the provision requires only that the FSLIC be a party, it appears to apply in the present case.

"Arising under" jurisdiction pursuant to subparagraph (B) is not, however, available in every action to which the FSLIC is a party. The language following the word "Provided" ("the proviso") places limitations on (B)-type jurisdiction.[3] Having previously determined that, if jurisdiction exists here at all, it exists pursuant to subparagraph (B), the Court must now determine whether the proviso precludes such jurisdiction.

### C. *The Proviso*

The proviso dictates that "arising under" jurisdiction does not exist when 1) the FSLIC is a party to the action in its capacity as conservator, receiver or other legal custodian of an insured state chartered institution; 2) the action involves only the

---

2. The parties cite only one case involving removal under 1730(k)(1), *North Mississippi Savings & Loan Ass'n. v. Hudspeth,* 756 F.2d 1096 (5th Cir.1985). In that case, the court permitted removal under subparagraphs (B) and (C), but did not discuss subparagraph (A). *Hudspeth* is therefore consistent with this Court's reading of section 1730(k)(1)(C).

3. Since the Court has already found that subsection (C) does not authorize the removal of (A)-type cases, it need not decide whether the proviso also limits subsection (A). *See generally Federal Savings and Loan Ins. Corp. v. Ticktin,* 832 F.2d 1438 (7th Cir.1987).

rights or obligations of investors, creditors, stockholders and the institution ("proviso parties"); and 3) these rights and obligations arise under state law. The proviso, "which is designed to keep certain actions in state courts," thus establishes three conditions that, if satisfied, preclude the exercise of (B)-type jurisdiction. *Morrison–Knudsen Co. v. CHG Int'l, Inc.,* 811 F.2d 1209, 1220 (9th Cir.1987).

In the present case, the first condition of the proviso plainly applies: the FSLIC is a party in its capacity as conservator of Columbus. The dispute centers on the second and third conditions of the proviso: does this case involve only the rights and obligations of proviso parties under state law?

### 1. Rights and Obligations of Proviso Parties

The FSLIC asserts that the proviso is inapplicable in this case because, while the defendants are stockholders of Columbus and therefore arguably proviso parties, "neither defendant is sued in its capacity as a stockholder." The FSLIC further contends that TAM, a corporation with rights and obligations independent of Columbus or its investors, creditors and stockholders, is also a non-proviso party.

The FSLIC cites cases supporting the proposition that the presence in an action of parties not named in the proviso results in federal jurisdiction. *See Hudspeth,* 756 F.2d 1096 (5th Cir.1985); *Sajovich,* 642 F.Supp. 74, 77 (C.D.Cal.1986). These cases arguably interpret the language of the proviso to mean that if any party other than the state institution or an investor, creditor or stockholder of the institution is a party in the action, then the proviso does not apply, and "arising under" jurisdiction exists.

Neither the courts nor the parties dispute that the proviso reflects an unmistakable intent that the FSLIC's presence in an action will not by itself confer federal jurisdiction in every instance. The only question, then, is which cases involving the FSLIC Congress intended should have a federal forum. The *Hudspeth* and *Sajovich* courts evidently determined that this question turns on the presence or absence, anywhere in the action, of parties not on the proviso list.

Under this "non-proviso party" approach, a court need only read the caption of the complaint (and any cross-complaint) and ask whether anyone named is not on the list of proviso parties. If so, the proviso does not apply and federal jurisdiction is appropriate.

The difficulty with this approach is that it renders the proviso utterly arbitrary, with no apparent underlying purpose. Indeed, at oral argument counsel for the FSLIC was unable to offer any rationale for the creation of federal jurisdiction in every case in which both the FSLIC and a person not listed in the proviso are parties. Like counsel, this Court is hard-pressed to discern any rational connection between the mere presence of such parties and the existence of a federal interest that would prompt Congress to provide a federal forum.

Other courts have declined to adopt the "non-proviso party" approach. *See, e.g., Capozzi,* 653 F.Supp. 591 (E.D.Mo.1987); *Federal Savings and Loan Ins. Corp. v. Huff,* 631 F.Supp. 1350 (D.Kan.1986); *see also W–V Enterprises,* 628 F.Supp. 1261. *Capozzi* and *Huff* held that when the FSLIC acts as conservator or receiver it is, typically, merely asserting the rights of the insolvent state institution through its authority as conservator or receiver and, correspondingly, the rights of others who have an interest in any recovery of money for the institution, namely its creditors, investors and stockholders. Thus, even if such a case involves parties not listed in the proviso, the *FSLIC's* role in the litigation is purely on behalf of proviso parties and federal jurisdiction therefore is improper. As the *Huff* court put it, the second proviso condition is designed "to direct attention solely to the FSLIC's role in bringing such action and what rights or obligations it seeks to protect or enforce." *Huff,* 631 F.Supp. at 1354.

The Seventh Circuit has recently endorsed this interpretation of the proviso. *See Ticktin,* 832 F.2d 1438 (7th Cir.1987).

In *Ticktin,* the FSLIC, acting as a FHLBB-appointed receiver of a state institution, filed suit under Illinois law against former directors of the institution for breach of fiduciary duties. The court held that the proviso precluded federal jurisdiction, even though the directors were neither investors, creditors nor stockholders. "If ... the receiver, who represents the institution, brings suit to enforce the rights of the institution, and the resolution of those rights is the only question in the suit, then the suit 'involves only the the rights or obligations of ... such institution,' *regardless of who the defendants are." Id.* at 1444. (emphasis added) [4]

The analysis adopted in *Capozzi, Huff* and *Ticktin* interprets the intent of the proviso as distinguishing between actions in which the FSLIC seeks to protect its rights as a federal corporation, e.g., a subrogation action for recovery of insurance proceeds paid pursuant to an insolvency claim, from those suits in which the FSLIC steps into the shoes of an institution and asserts the institution's rights under state law. *See Ticktin,* 832 F.2d at 1444–45. In the first type of case the FSLIC asserts *its* rights as a federal agency. Consequently, a substantial federal interest arises, the proviso does not apply in either letter or spirit, and the case is subject to federal jurisdiction.

However, when the FSLIC asserts only the rights of the institution under state law, the proviso precludes the assertion of federal jurisdiction under subparagraph (B). Any reference to the status of a party adverse to the FSLIC has no relevance to the proviso's second condition except as an indicator of the FSLIC's role in the lawsuit. *Id.*

In a recent case, the Ninth Circuit faced this issue and, in a very short opinion, arguably indicated an inclination toward the "non-proviso party" approach used in *Hudspeth* and *Sajovich. See Fidelity Fin. Corp. v. Federal Savings and Loan Ins. Corp.,* 834 F.2d 741 (9th Cir.1987). However, since the decision contained very little explanatory discussion, and the result is wholly consistent with the *Ticktin* analysis, *Fidelity* leaves the Ninth Circuit's position on this matter unresolved.

In *Fidelity,* the FSLIC was appointed as receiver for Fidelity Financial Corporation ("Fidelity"), first under state law by the California Savings and Loan Commission and then under federal law by the FHLBB. Pursuant to its authority under federal receivership statutes, the FSLIC created a new federal mutual association, Fidelity Federal, transferred Fidelity's assets to Fidelity Federal, and then conducted two "bidding conferences" to sell Fidelity Federal's property. Citicorp bid on the property, and the FHLBB, again acting under the federal statutory scheme, approved the bid as "substantially more favorable to Fidelity Federal, its depositors and creditors and the FSLIC than any other." *Fidelity* at 743. In addition, the FHLBB instructed the FSLIC to provide Citicorp with financial assistance in the acquisition.

Fidelity sued in state court, naming the FSLIC, Citicorp, Fidelity Federal and two California Savings and Loan Commissioners as defendants. The suit attacked the sale of Fidelity Federal to Citicorp and alleged that the FSLIC wasted, lost or negligently handled $100 million in assets. Citicorp and the FSLIC removed to federal court and Fidelity moved to remand.

In an abbreviated opinion, the Ninth Circuit found that jurisdiction was proper under section 1730(k)(1). One ground for this result was that "[m]ore than the rights or obligations of Fidelity and its investors, creditors and stockholders were involved in the suit: the rights of Fidelity Federal, Citibank, and the two commissioners were also at issue." This was the extent of the court's explanation of the first ground for its holding.

Because the facts of *Fidelity* are so fundamentally different from those of the

---

**4.** The *Ticktin* court sought to distinguish *Hudspeth* on the ground that, in *Hudspeth*, "the resolution of the rights and obligations of the parties listed in the proviso would not settle the case." *Ticktin,* 832 F.2d at 1445. While this Court has doubts about whether *Hudspeth* can be reconciled with *Ticktin,* that issue need not be decided here.

present case, and because the opinion provided so little illumination of the reasons for its result, this Court finds that *Fidelity* is distinguishable and does not mandate the exercise of jurisdiction on the present facts. While the *Fidelity* court's cursory conclusion that the case involved more than the rights or obligations of proviso parties would permit the inference that the Ninth Circuit will simply read the caption of the complaint to determine if the proviso applies, such a reading is not compelled, and this Court does not believe that the Ninth Circuit will take such a mechanical approach. Rather, the *Fidelity* decision is better explained by the presence of parties, such as Citibank and Fidelity Federal, whose rights and obligations arose not by virtue of their relationship to the failed state institution, but through dealings with the FSLIC at a time when it was acting pursuant to federal receivership law.

The result in *Fidelity* is entirely consistent with, if not mandated by, the *Ticktin* analysis. *Fidelity* was a case in which the failed state institution was a party as a separate entity from, indeed, adverse to, the FSLIC. Although the FSLIC was acting in its role as receiver, the issue was the performance by the FSLIC of its obligations to the institution itself. In such an action, the institution more appropriately represents the interests of its investors, creditors and stockholders. The FSLIC did not defend the lawsuit in the shoes of the failed institution; rather, the FSLIC defended itself *against* the failed institution. In short, the FSLIC represented its own interests as a federal agency.

By contrast, the rights and obligations of all non-FSLIC parties in this case derive from dealings with the failed institution prior to the FSLIC's appointment as receiver. The FSLIC's role in this litigation is purely as a stand-in for the state institution, litigating claims that arose under state law before the FSLIC was involved. Far from being adverse to the state institution, the FSLIC's rights and obligations, for purposes of this lawsuit, are essentially indistinguishable from those of Columbus; they are precisely coextensive.

Applying the *Ticktin* analysis to this case, this Court must conclude, as the Seventh Circuit did in *Ticktin*, that the action involves only the rights and obligations of proviso parties. Indeed, the facts in this case are strikingly similar to those in *Ticktin*. Here, the FSLIC, as conservator, seeks to recoup, solely under state law, money and assets on behalf of Columbus. The FSLIC, therefore, is prosecuting this suit to enforce the rights of a state chartered institution, and a successful result will benefit only the institution, its investors, creditors and stockholders. Resolution of these rights is the only question in the suit, and the case therefore " 'involves only the rights and obligations of ... such institution.' " *Ticktin*, 832 F.2d at 1444. Accordingly, the second condition of the proviso is met, and federal jurisdiction is not available unless application of the third condition dictates otherwise.

### 2. Rights and Obligations Arising "Under State Law"

Even if a case involves only the rights or obligations of proviso parties, federal jurisdiction exists if those rights or obligations arise under federal law. In *Fidelity*, this provision supplied the second ground for the court's decision.

The *Fidelity* court found that, once the FHLBB appointed the FSLIC receiver under federal law, the entire receivership was "federalized." *Fidelity* at 745. "Henceforth federal law governed what FSLIC did." *Id.* Therefore, concluded the court, the rights of the state institution and its stockholders "were not to be determined only by state law." *Id.* Again, except for briefly dismissing the significance of the previous state receivership, this was the extent of the court's discussion on this point.

One reading of this portion of the opinion is that it permits federal jurisdiction in any case where the FHLBB appoints the FSLIC receiver pursuant to federal law. However, such a holding would effectively nullify the impact of the proviso, and neither the language nor the result in *Fidelity*

requires that such a simplistic view be attributed to the Ninth Circuit.

This Court interprets *Fidelity* to mean that many of the rights and obligations involved, including those of the FSLIC, Citibank and Fidelity Federal, did not arise under state law, since the focus of the lawsuit was on actions taken by the FSLIC pursuant to its authority under federal law. Although the claims were based on state law, the FSLIC conducted the disputed transactions pursuant to *federal* law. It transferred the state institution's assets to a federally chartered institution created for this purpose, held bidding conferences authorized by federal law, and provided financial assistance to the purchaser in order to protect its own interest, as a federal entity, in the assets of the failed state institution. Clearly, many of the FSLIC's rights and obligations that were the subject of the suit arose under uniquely federal law. Evidently, this was the *Fidelity* court's point when it said that once the FHLBB appointed the FSLIC receiver, "federal law governed what FSLIC did." *Fidelity,* at 745.

Similarly, many of Citicorp's rights and obligations in the action arose from federal law. It bought Fidelity's assets from a federally chartered institution at a federally governed bidding conference. Its bid was approved by a federal agency acting under a federal statutory scheme. The claims against Citicorp may have been based on state law, but Citicorp's rights in the disputed property derived from federal law.

In summary, this Court does not read *Fidelity* to say that federal jurisdiction is proper whenever the FSLIC is appointed receiver under federal law. Rather, the existence of federal jurisdiction depends on the nature of the lawsuit itself. If, as in *Fidelity,* the suit attacks, or at least significantly implicates, the FSLIC's exercise of uniquely federal powers, then a federal forum is appropriate. Otherwise, there is no reason to distinguish, for purposes of jurisdiction, between federal and state receiverships.

This approach squares with the position taken in *Ticktin,* which considered the issue in some detail. *See also W–V Enterprises,* 628 F.Supp. 1261. In *Ticktin,* the court rejected the contention that, because of the presence of federal law issues, the case did not involve "only ... rights or obligations ... under State law." The court began its discussion by observing that:

It is important to note that the proviso by its terms applies to a suit "which involves only the rights or obligations ... under State law." The proviso thus is not limited to suits that do not involve federal law. The determination of the rights and obligations under state law of investors, creditors, stockholders and the savings and loan in this heavily federally regulated area of the law could never be done without an eye on the relevant federal law. Every suit with the FSLIC as a party necessarily involves federal law.

*Ticktin,* 832 F.2d at 1445.

After discussing the Ninth Circuit case of *Hancock Fin. Corp. v. Federal Savings and Loan Ins. Corp.,* 492 F.2d 1325 (9th Cir.1974), in which the court declined to exercise jurisdiction based on the presence of federal issues, the *Ticktin* court continued:

In the present case, all the alleged violations of federal law are subsidiary questions to the ultimate question in the case: whether the directors, under state law, breached their fiduciary duties to [the state institution] in declaring the two dividends. The resolution of that issue would be the resolution of the case. Thus, this is a suit that "involves only the rights or obligations of investors, creditors, stockholders and such institution under State law."

*Id.* at 1446.

The court then summarily dismissed an argument that the proviso did not apply because the FSLIC was a federally appointed, rather than state appointed, receiver. "There is no basis in the statute or the legislative history for this distinction.... We decline to read the proffered distinction into the statute." *Id.*

In short, *Ticktin* leaves no doubt that the rights and obligations involved here

arise under state law. The FSLIC is pursuing only state causes of action, and these claims arose from dealings between a state chartered institution and other private parties prior to the FSLIC's involvement. Indeed, the FSLIC's presence in the action is essentially incidental. Accordingly, the fact that the FSLIC was appointed receiver under federal law is of no consequence. As the *Ticktin* court put it, "the resolution of [the state law] issue would be the resolution of the case." Thus, the third condition of the proviso is met and therefore does not confer jurisdiction upon this Court.

## IV.

### CONCLUSION

The Ninth Circuit has recently said that 12 U.S.C. § 1730(k)(1)(B) is "manifestly concerned (as both subparagraphs (C) and the proviso make clear) with distributing between state and federal courts the jurisdiction over suits that must be brought in court." *Morrison–Knudsen Co. v. CHG Intern., Inc.,* 811 F.2d 1209 (9th Cir.1987). Although the distribution intended by Congress may, in some cases, be difficult to determine, this Court is convinced that in a case such as this, when the FSLIC has simply stepped into the shoes of the plaintiff in an ongoing case involving only state law issues, the proviso precludes the exercise of federal jurisdiction. If the proviso means anything, it means that the FSLIC's mere presence in an action does not by itself create jurisdiction in the federal district courts. In this case, the FSLIC's presence is essentially incidental and, accordingly, does not present the type of federal interest that Congress sought to protect by providing a federal forum under section 1730(k)(1).

IT IS THEREFORE ORDERED that this action be remanded to state court.