**FEDERAL SAVINGS AND LOAN IN-SURANCE CORPORATION, as receiver for First Savings and Loan Association of Burkburnett, Texas, Plaintiff,**

v.

**T.G. PARTNERS, LTD., et al., Defendants.**

No. CA 3–88–0069–C.

United States District Court, N.D. Texas, Dallas Division.

June 22, 1988.

Robert B. Wellenberger, Ramona R. Stephens, Thompson, Coe, Cousins & Irons, Dallas, Tex., for plaintiff.

A.L. Vickers, Ungerman & Vickers, Dallas, Tex., for defendants.

## MEMORANDUM OPINION

CUMMINGS, District Judge.

The plaintiff, Federal Savings and Loan Insurance Corporation ("FSLIC"), as receiver for First Savings and Loan Association of Burkburnett, Texas, a state-chartered savings institution, moves the Court to reconsider an order dismissing the case for lack of subject matter jurisdiction. The plaintiff argues that the Court has subject matter jurisdiction under 12 U.S.C. § 1730(k)(1)(A). This Court, while being cognizant of conflicting opinions regarding FSLIC's standing to bring suit in federal court when acting as a receiver of a state savings and loan, including several cases pending before the United States Supreme Court, reaffirms its prior order and denies FSLIC's motion.

## I.

### Background Facts and Proceedings

FSLIC originally brought suit in federal court in its receivership capacity for collection on a failed savings and loan institution's promissory notes and guaranties. Defendants moved to dismiss the case, arguing that the case fell squarely within the proviso contained in 12 U.S.C. 1730(k)(1)(C) whereby suits raising only questions of state law and only the rights or obligations of investors, creditors, stockholders, and such institution are not provided federal jurisdiction. The Court's order on March 23, 1988, 682 F.Supp. 894, granted dismissal and found the proviso governs the entire statute by setting out a specific jurisdictional limitation over which no other statute governs. The Court found that the case at bar can and will be decided completely by state law and all the parties involved fall into the categories outlined in the proviso.

The Federal Home Loan Bank Board appointed FSLIC as receiver for the state-chartered institution and therefore a "federalized" receivership exists. Federalizing a receivership ends the state banking authority's control over the institution pursuant to the Bank Protection Act of 1968.[1] The notes and guaranties in question were not assigned to FSLIC in its corporate capacity nor were they purchased by a third party banking institution under a purchase and assumption agreement. Therefore, FSLIC stands before this Court solely in its role as a receiver of a state-chartered institution.

---

1. P.L. 90–389, 82 Stat. 295 (1968) codified in 12 U.S.C. §§ 1729, 1881 *et seq.*

## II.

### Discussion

A. The Court first recognizes the difference between statutes governing the Federal Deposit Insurance Corporation ("FDIC") and FSLIC as FSLIC takes great comfort in these differences. The FDIC obtains federal jurisdiction based on 12 U.S.C. § 1819. Section 1819 (Fourth) appears to have served as a model when Congress enacted the FSLIC legislation and includes the same proviso language. Such proviso retracts federal jurisdiction if the FDIC is acting in its receivership capacity for a state-chartered institution. *See e.g. FDIC v. Elefant*, 790 F.2d 661 (7th Cir.1986); *FDIC v. LaRambla Shopping Center, Inc.*, 791 F.2d 215, 220 (1st Cir. 1986); and *FDIC v. Sumner Financial Corp.*, 602 F.2d 670 (5th Cir.1979). The courts have refused to find other jurisdictional statutes which override the limitation in section 1819 (Fourth). See *Elefant*, 790 F.2d at 665, and *Sumner*, 602 F.2d at 677.

The FSLIC statute [§ 1730(k)(1)] contains the same wording as the FDIC statute with one important distinction. Section 1730(k)(1) contains a subsection (A) that simply states that FSLIC is an agency of the government. Section 1730(k)(1) provides:

> Notwithstanding any other provision of law, (A) the Corporation [FSLIC] shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28; (B) any civil action, suit, or proceeding to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect: *Provided, that any action, suit, or proceeding to which the Corporation is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States....* [emphasis added]

Arguments can and have been made on all sides of the fence as to the importance of subsection (A) and the lack of a similar language through amendment to the FDIC statute which was drafted two years prior to the FSLIC legislation. Before submerging ourselves in the importance of the addition of the agency provision in the FSLIC legislation and whether other jurisdictional statutes establish federal jurisdiction for FSLIC, the proviso, which is word for word the same in both statutes, should be discussed.

■ B. The bar to federal jurisdiction under the proviso exists for *any* action where FSLIC or FDIC is a receiver for a state-chartered banking institution. The proviso is not limited to only state-appointed receivers or federally appointed receivers but applies to any action where either insurance corporation acts as a receiver for a state banking institution. An important case in the Fifth Circuit of *North Mississippi Savings & Loan Ass'n v. Hudspeth*, 756 F.2d 1096 (5th Cir.1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986), discussed the application of the proviso and found that where only rights of shareholders and creditors of an institution are involved and state law questions completely handle the issues, federal jurisdiction does not exist. *Id.*, at 1100. The receivership in *Hudspeth* was likewise a "federalized" one, but the court's decision was not based on that fact. Rather, the court found that jurisdiction existed since non-proviso, third parties' rights were involved and therefore the retraction of jurisdiction by the proviso was inapplicable. *Id.*

The proviso is an absolute limitation on federal jurisdiction. *FSLIC v. Ticktin*, 832 F.2d 1438, 1443 (7th Cir.1987), (petition for cert. filed May 12, 1988); *Elefant*, 790 F.2d at 666; *Sumner*, 602 F.2d at 678–9. No

valid reason exists to try failed banks' collection suits in federal court where such suits only raise state law questions. Clearly Congress intended some situations, such as these, to be handled *only* in state forums, whether suit is brought by the FDIC or FSLIC or the FDIC or FSLIC is a party defendant. The statutory language simply retracts jurisdiction in any action to which the FDIC or FSLIC is a party in its receivership capacity of a state-chartered institution.

Only proviso-parties are involved in the case at bar and state law will completely dispose of the issues. Thus, the case appears to fall within the expressed intent of Congress for state law to govern such action. We now turn our attention to other parts of the legislation.

C. Subsection (B) of section 1730(k)(1), similarly included in the FDIC legislation of section 1819 (Fourth), appears to grant federal jurisdiction in any action where FSLIC or FDIC is a *party*, whether as a party defendant or plaintiff. Likewise the proviso applies to *any* action in which FSLIC or FDIC acts as a receiver for a state institution whether as a party plaintiff or defendant. Arguments that the proviso applies only to removal cases under subsection (C) have been repetitively rejected.[2] Thus the jurisdictional grant contained in subsection (B) is limited by the proviso.

The Fifth Circuit has not specifically addressed whether the agency delineation in subsection (A) of the FSLIC legislation establishes a separate basis for jurisdiction when the proviso retracts the grant of federal jurisdiction regardless of whether a case is originally filed in federal court or is a removal case. This is the novel issue before the Court today.

Statutes must be construed in such a way as to make all parts effective and never to undermine what Congress set out to achieve. *Church of the Holy Trinity v. U.S.*, 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226 (1982). No part of the statute should be defeated by construction of another part. The Fifth Circuit noted in *Sumner* that it refused to "get involved in this controversy [the importance of subsection (A) ], if controversy it be," 602 F.2d at 675 (regarding the lack of subsection (A) in the FDIC legislation). Nevertheless, the *Sumner* court noted that the proviso sets out a scheme for federal jurisdiction and the limitation in the proviso should not be evaded by another jurisdictional grant. *Id.* Therefore, the Fifth Circuit rejected separate agency jurisdiction for the FDIC as well as a number of other jurisdictional theories whenever FDIC acts in its receivership capacity for a state institution.

The Seventh Circuit in *Ticktin* followed much of the Fifth Circuit's analysis in *Sumner* to determine that subsection (A) is not a jurisdictional grant outside the proviso whereby FSLIC may bring failed state banking institutions' collection suits in federal court. *Ticktin*, 832 F.2d at 1443-4. Other learned district court judges within this same division find to the contrary that subsection (A) separately confers agency jurisdiction for FSLIC.[3] The

---

**2.** See *Ticktin*, 832 F.2d at 1442–3; *Sumner*, 602 F.2d at 678–9; *Hancock Financial Corp. v. FSLIC*, 492 F.2d 1325, 1327 (9th Cir.1974); and *FSLIC v. Frumenti Development Corp. et al.*, 676 F.Supp. 957 (N.D.Cal.1988).

**3.** *FSLIC v. T.G. Partners II, Ltd.*, 682 F.Supp. 894 (N.D.Tex.1988) [cited with approval in *FSLIC v. Isreal, et al.*, 1988 U.S. Dist. Lexis 5244 (C.D.Calif. May 31, 1988) ]; and *3.827 Acre Partnership v. Williford v. FSLIC*, J. Buchmeyer (No. CA 3–87–2951, unpublished order and memorandum dated February 15, 1988). Many cases deal peripherally with the issue raised in the case at bar (*i.e. Hancock* and *Frumenti* ), and likewise cases on appeal involve other related issues. See *Zohdi v. FSLIC*, No. 87–255, petition

for cert. filed August 5, 1987, and *FSLIC v. Stevenson Assoc.*, No. 87–451, petition for cert. filed Sept. 17, 1987.

Clearly the FSLIC legislation raises many questions which are swamping the court system at this time and decisions are falling many different ways. See e.g. *Hudspeth, supra*, in comparison with *Morrison–Kundsen Co., Inc. v. CHG International, Inc.*, 811 F.2d 1209 (9th Cir.1987) and *FSLIC v. Glen Ridge I Condominiums, Ltd.*, 750 S.W.2d 757 (Tex.1988). The Court takes notice of several other cases on its own docket raising the same or similar issues. We do not intend to add to the confusion by this opinion but rather focus on the language of the legislation and abide by our duty to enforce such legislation under the separation of powers.

argument is that to follow *Ticktin*, subsection (A) becomes meaningless. We disagree and opt to follow *Ticktin*.

The creation of "federalized" receiverships under the Bank Protection Act gave the ability for FSLIC to control its receiverships under one law. Therefore, long delays in winding up receiverships as well as variances in bonds, reporting, and the ability to deal with any remaining assets under state laws were to be eliminated. FSLIC, however, argues that federalization of a state receivership takes a case out from under the limitations of the proviso in section 1730(k)(1). FSLIC then argues that the statement in subsection (A) that FSLIC is a government agency per 28 U.S.C. § 451 imputes federal jurisdiction under 28 U.S.C. § 1345, which is a general grant of original federal jurisdiction for United States agencies. However, this argument jumps over several points.

First, the proviso applies to *any* receivership, not just non-federalized ones. Just as the FDIC legislation was not amended to include similar language of subsection (A) of section 1730(k)(1), the FSLIC's legislation was not amended with the enactment of the Bank Protection Act to limit the proviso's application whenever a "federalized" receivership is created. Thus the proviso stands as governing *any* receivership, whether federalized or not.

Secondly, subsection (A)'s statement that FSLIC is an agency may be included in the FSLIC legislation *not* as a grant of original federal jurisdiction.[4] If the subsection (A) were a grant of original jurisdiction, subsection (B) becomes redundant and Congress could easily have referenced 28 U.S.C. § 1345 when citing § 451.

Subsection (A) simply delineates FSLIC as a government agency. FSLIC, however, is not treated as a child of the government like other agencies. It acts more like the hybrid corporation of the FDIC. It has its own budgetary process and hierarchy of controls. Importantly, it hires private attorneys rather than mandatorily having to use the Department of Justice's U.S. Attorneys' offices or in-house agency counsel, which other agencies of the government are not able to do. The freedom enjoyed by FSLIC's disassociation from the U.S. Department of Justice is significant.

Therefore, the statement that FSLIC is an agency under subsection (A) must be in the legislation for a different reason as FSLIC is not required to act as other agencies. Congressional records do not indicate any intent to supply FSLIC with both broad agency jurisdiction *and* limited "arising under" jurisdiction.[5] Instead, Congress developed one scheme to provide FSLIC with access to federal court. Therefore, applying the proviso to the entire statute does not therefore make the statement in subsection (A) meaningless.

In contrast, refusing to apply the proviso to the entire statute makes the proviso meaningless, if subsection (A) is construed that FSLIC will *always* have access to the courts even when matters are totally and clearly determined by state law. No valid reason exists for such a broad grant of jurisdiction. By necessity federal law is involved at any time FSLIC is involved. The proviso, however, obviously illustrates Congress' intent that some claims be heard exclusively in state forums. This intent must be reconciled with Congress' intent to call FSLIC an agency in subsection (A). The lack of amendment to section

---

Congressional review of the FSLIC legislation is necessary to resolve many of the issues.

**4.** The *Ticktin* and *Sumner* courts recognize the subsection (A) as possibly a "knee-jerk reaction" by Congress to the difficulty that the Ninth Circuit had in determining if FSLIC had any federal jurisdiction in *Acron Investments, Inc. v. FSLIC,* 363 F.2d 236, (9th Cir.), *cert. denied,* 385 U.S. 970, 87 S.Ct. 506, 17 L.Ed.2d 434 (1966). This case was decided before section 1730(k)(1) was enacted and therefore a complete lack of a jurisdictional statute existed.

**5.** Few clues are found from the Congressional Record as to why or how the language of subsection (A) came to be included when the FSLIC legislation is basically a mirror of the priorly enacted FDIC legislation. Congress just wanted to make it clear that FSLIC is an agency and jurisdiction can be established in federal court under the proper circumstances. See 1966 *U.S. Code Cong. & Admin.News* 3532, at 3550.

1730(k)(1) when the Bank Protection Act was passed further illustrates Congress' intent for the proviso to continue to apply *any time* a receivership is established for a failed state institution, whether a federal or state receivership is created.

If the proviso is construed to not apply to the entire statute, FSLIC could escape this intent by having the Home Loan Bank Board "federalize" its receivership and then claim agency jurisdiction under subsection (A). Surely the intent of the Bank Protection Act in allowing "federalized" receiverships was not to avoid the proviso, especially in light of the lack of any amendment to the FSLIC legislation at the time the Bank Protection Act became law or at any time in the last twenty years since enactment. The Court's responsibility is to construe both section 1730(k)(1) and the Bank Protection Act so that both have effect and neither is unconstitutional.

Interestingly, FSLIC has taken inconsistent positions about the scope of its jurisdiction, depending on whether to be in federal court is perceived as a benefit at the time. *See e.g. Hancock*, 492 F.2d at 1327; *Sumner*, 602 F.2d at 683; and *Jeff Bean v. Independent American Savings Ass'n*, 838 F.2d 739, 743 (5th Cir.1988).

D. Whether federal jurisdiction exists, in light of FSLIC's recently very active role as receiver for the numerous failed state-chartered savings and loans, should be determined through a practical and efficient manner. A thoughtful analysis can be found in *FSLIC v. Frumenti Development Corp.*, 676 F.Supp. 957 (N.D.Cal.1988), although the court there refused to take the final step in determining if subsection (A) was governed by the proviso. The determination for federal jurisdiction by whether a non-proviso party is included [the approach used in *Hudspeth, supra,* and *FSLIC v. Sajovich*, 642 F.Supp. 74 (C.D.Cal.1986)], appears to be arbitrary. Similarly though, to bring a federal suit just because a re-

ceivership is "federalized" defeats the literal language of the proviso. The necessary involvement of federal law at any time FSLIC is a party does not mean that federal jurisdiction always exists in light of Congress' retraction of jurisdiction when the circumstances under the proviso are present.

Therefore, the nature of the lawsuit should be the determining factor. The fact that FSLIC is appointed as receiver under federal law is of no consequence when state law will resolve all of the issues. Diversity jurisdiction has been routinely rejected by the Circuit Courts as a basis for federal jurisdiction for both the FDIC and FSLIC.[6] FSLIC's presence in the case at bar is incidental and is not the type of activity for which Congress seeks to provide a federal forum. This approach has basically been followed by the courts in the Seventh, Ninth and Tenth Circuits.[7]

Giving benefit to the intent of the proviso for making a distinction where FSLIC sues to protect its own rights (*i.e.* through subrogation in its corporate capacity) and suit by FSLIC to protect a failed institution's rights (through its receivership capacity) is illuminating. FSLIC's assertion of the rights in the case at bar is merely as a "stand-in" for the failed state banking institution. A successful result will only benefit this particular failed state institution and its creditors. Therefore, jurisdiction clearly lies with the state court.

Accordingly, an order shall be entered denying the plaintiff's motion to reconsider this Court's prior order dismissing the case for lack of subject matter jurisdiction.

---

**6.** See *Sumner*, 602 F.2d at 678 (5th Cir.); *Ticktin*, 832 F.2d at 1443 (7th Cir.); *Hancock*, 492 F.2d at 1329 (9th Cir.).

**7.** See e.g. *Ticktin*, 832 F.2d at 1444; *Fidelity Fin. Corp. v. FSLIC*, 834 F.2d 741 (9th Cir.1987);

*Frumenti*, 676 F.Supp. at 962–4; *FSLIC v. Capozzi*, 653 F.Supp. 591 (E.D.Mo.1987); *FSLIC v. Huff*, 631 F.Supp. 1350 (D.Kan.1986); *W–V Enterprises v. North Kansas Savings Ass'n*, 628 F.Supp. 1261 (D.Kan.1986).