Herb GRAFFAM, individually and as Trustee for Johanna Clayton, Plaintiffs,

v.

Shirley NEUBAUER; individually and as Trustee of the Neubauer Family Trust; David Neubauer; David Hilling; Federal Savings & Loan Insurance Corporation, as Receiver for Irving Savings Association; Raymond Gray; Linda Gray; Maggi Kennedy; Tahoe Marina Development Corporation, a Nevada corporation; John Does I–X, inclusive; ABC Corporations I–X, inclusive, Defendants.

No. CV–N–88–504–ECR.

United States District Court, D. Nevada.

Feb. 17, 1989.

---

Hamilton & Lynch by Vivian Lynch, Reno, Nev., for plaintiffs.

Steven T. Walther, Reno, Nev., for Federal Sav. & Loan Ass'n, Receiver for Irving Savings Ass'n.

Lee S. Molof, Reno, Nev., for Shirley Neubauer, David Neubauer and David Hilling.

Alan R. Smith, Reno, Nev., for Raymond Gray, Linda Gray, Maggi Kennedy and Tahoe Marina Development Corp.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

### STATEMENT OF THE CASE

Plaintiffs have filed a motion to remand this case to the Second Judicial District Court of the State of Nevada. They argue that this Court lacks subject-matter jurisdiction of the case and that, therefore, removal to this Court was improper. *See* 28 U.S.C. § 1447(c).

The basis for the defendants' removal to this Court was the presence of the Federal Savings and Loan Insurance Corporation ("FSLIC") as a defendant. Plaintiffs are not suing the FSLIC for any act or omission committed by that entity as a federal agency. Instead, the suit is directed against the FSLIC in its capacity as the receiver for the Irving Savings Association. The FSLIC was appointed as the receiver for Irving Savings on August 18, 1988, by the Federal Home Loan Bank Board.

The FSLIC, however, is only one of many defendants in this action. Plaintiffs have sued several other entities and individuals in an attempt to collect an alleged debt of over $500,000. The specific claims directed against the FSLIC are twofold, and both involve the conduct of Irving Savings before it was ordered into receivership. First, plaintiffs claim that Irving Savings conspired to defraud them by persuading them not to collect the alleged debt from monies loaned by Irving Savings to other defendants. In the alternative, plaintiffs seek recovery from Irving Savings on the theory that it acted negligently in allowing plaintiffs to be defrauded.

### FEDERAL QUESTION JURISDICTION

The issue of whether the federal judiciary has subject-matter jurisdiction over this case is controlled by 12 U.S.C. § 1730(k)(1). The relevant portions of this statute refer to the "FSLIC" as the "Corporation" and provide as follows:

Jurisdiction and enforcement

(k)(1) Notwithstanding any other provision of law, ... (B) any civil action, suit, or proceeding to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect: *Provided,* That any action, suit, or proceeding to which the Corporation is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States.

This statute represents a broad grant of federal subject-matter jurisdiction over actions involving the FSLIC. Indeed, the statute clearly indicates that federal jurisdiction is appropriate whenever the FSLIC is a party to a civil action, unless the three conditions in the proviso are satisfied. Thus, plaintiffs in the instant case cannot succeed on their motion to remand unless they can show that: (1) the FSLIC's involvement in the suit stems from its capacity as the receiver of an insured State–Chartered institution; (2) the suit involves only the rights or obligations of that institution

and its investors, creditors, or stockholders; and (3) the rights or obligations involved arise under state law. *See FSLIC v. Frumenti Development Corp.*, 857 F.2d 665, 668 (9th Cir.1988); *Fidelity Financial Corp. v. FSLIC*, 834 F.2d 741, 744–45 (9th Cir.1987).

### Proviso's First Requirement

In the instant case, the first condition of the proviso certainly exists. Indeed, in its petition for removal, the FSLIC explicitly states that it is being sued in this action in its capacity as the receiver for Irving Savings. *See* Petition for Removal entered September 19, 1988, at 1:13–14, 3:5–6, 4:1–2. Both parties also agree that Irving Savings was an "insured State-chartered institution."

### Proviso's Second Requirement

The issue of whether the proviso's second condition is satisfied, however, engenders considerable dispute. The FSLIC argues that this condition has not been satisfied because most of the defendants are not "investors, creditors, or stockholders" (hereinafter referred to as "proviso parties") of Irving Savings. The FSLIC contends that the mere presence of these non-proviso parties in this action is contrary to the proviso's second requirement. *See North Miss. Sav. & Loan Ass'n v. Hudspeth*, 756 F.2d 1096, 1100 (5th Cir.), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986); *FSLIC v. Sajovich*, 642 F.Supp. 74, 77 (C.D.Cal.1986).

In contrast, plaintiffs argue that the proviso's second requirement should not be read so narrowly as to confer federal jurisdiction anytime a non-proviso party is named in the action. Instead, they argue that this requirement should be deemed satisfied whenever the FSLIC's role in the litigation involves only proviso parties. *See FSLIC v. Ticktin*, 832 F.2d 1438, 1444 (7th Cir.1987), *cert. granted*, — U.S. —, 109 S.Ct. 52, 102 L.Ed.2d 30 (1988); *FSLIC v. T.G. Partners, Ltd.*, 689 F.Supp. 683, 688 & n. 7 (N.D.Tex.1988); *FSLIC v. Frumenti Development Corp.*, 676 F.Supp. 957, 960–62 (N.D.Cal.), *appeal dismissed*, 857 F.2d 665 (9th Cir.1988). Applying this interpretation of the proviso's second requirement,

plaintiffs claim that it is met because they are creditors of Irving Savings. They contend that since the FSLIC has stepped into the shoes of Irving Savings, its only role in this litigation is defending against a suit brought by that failed institution's creditors. The plaintiffs feel that the presence of other defendants, who are not proviso parties, is irrelevant because the FSLIC is neither suing nor being sued by these non-proviso parties.

The Ninth Circuit Court of Appeals has not explicitly endorsed either the "non-proviso party presence" or the "FSLIC-role" test for interpreting the proviso's second requirement. In its two most recent interpretations of the proviso, the Ninth Circuit has found that the proviso's second requirement was not satisfied because non-proviso parties were involved in the proceedings. In both of these cases, however, the FSLIC's role in the litigation was directly linked to the rights and obligations of a non-proviso party. *See Frumenti Development Corp.*, 857 F.2d at 668 (FSLIC suing "third party debtors" of a failed savings and loan association); *Fidelity Financial Corp.*, 834 F.2d at 744–45 (FSLIC being sued by representative of a failed savings and loan association on the basis of the FSLIC's business dealings with non-proviso parties). Consequently, the issue of which test should be applied to the proviso's second condition appears to remain an open question in this judicial circuit.

This Court, however, does not need to resolve that issue in the case at bar. The proviso only serves to defeat federal jurisdiction if all three of its conditions are met. As set forth below, this Court is forced to conclude that the circumstances of this case do not satisfy the proviso's third condition. Accordingly, we need not determine whether the "non-proviso party presence" or the "FSLIC-role" test is the more appropriate method for analyzing the proviso's second condition.

### Proviso's Third Requirement

The proviso's third requirement is that the rights or obligations involved in the suit must arise under state law. This condition was briefly discussed by the Ninth

Circuit Court of Appeals in *Fidelity Financial Corp.* In that case, the FSLIC was sued on the ground that it had taken inappropriate actions as the federally-appointed receiver of a failed savings and loan association. The Court stated that once the FHLBB appointed the FSLIC as the receiver,[1] "the receivership ... was federalized." *Fidelity Financial Corp.*, 834 F.2d at 745. The Court further reasoned that once the receivership was federalized, "federal law governed what FSLIC did," and, therefore, the proviso's third condition was not met. *Id.*

Arguably, the *Fidelity* decision could be read broadly enough to imply that federal jurisdiction exists anytime the FHLBB appoints the FSLIC as a receiver. The United States District Court for the Northern Division of the District of California, however, felt that such a broad interpretation of *Fidelity* was unwarranted. Recognizing that this broad interpretation effectively nullified the proviso, that court limited the *Fidelity* holding to situations where the FSLIC was being sued for actions it took *after* it had been appointed as the receiver. *See Frumenti Development Corp.*, 676 F.Supp. at 962–63 (*Frumenti I*). The *Frumenti I* Court reasoned that such post-receivership actions involved federal law, rather than state law, because the FSLIC's conduct as a receiver is governed by federal law. *Id.* The *Frumenti I* Court also reasoned, in contrast, that state law, and not federal law, would govern a suit that was predicated not on the FSLIC's post-receivership conduct, but on the pre-receivership conduct of a failed savings and loan association. In such a situation, the Court indicated that the proviso's third condition might well be satisfied. *Id.* at 963–64. Indeed, the *Frumenti I* Court explicitly held in the case before it that the proviso's third condition was satisfied because "[t]he FSLIC [was] pursuing only state causes of action [that] arose from dealings between a

state chartered institution and other private parties *prior to the FSLIC's involvement.*" *Id.* at 964 (emphasis added).

The Ninth Circuit Court of Appeals, however, expressly disapproved of the rationale of *Frumenti I.* In adjudicating the FSLIC's appeal of the district court's *Frumenti I* decision, the Ninth Circuit held that 28 U.S.C. § 1447(d) precluded it from reversing the district court's order to remand the case to state court. *Frumenti Development Corp.*, 857 F.2d at 669–70 (*Frumenti II*). Nevertheless, the Court of Appeals stated that the district court's *Frumenti I* decision "conflict[ed]" with the precedent established by *Fidelity Financial Corp. See Frumenti Development Corp.*, 857 F.2d at 667. The Court of Appeals also reaffirmed the rigid, narrow interpretation of the proviso's third condition that it had originally suggested in *Fidelity Financial Corp.* The *Frumenti II* Court explicitly declared that "where the Federal Home Loan Bank Board *has federalized the action* by appointing the FSLIC as receiver, federal question jurisdiction is not defeated." *Id.* at 668 (emphasis added). This statement firmly suggests that once the FHLBB appoints the FSLIC as a receiver, the Ninth Circuit believes that federal courts have jurisdiction over any suit involving the FSLIC in its capacity as the receiver, regardless of whether the suit involves pre-receivership or post-receivership conduct.[2]

Despite this Court's misgivings in regard to the Ninth Circuit's decision in *Frumenti II*, that decision is controlling in the instant case. Plaintiffs argue that we should not treat the *Frumenti II* Court's discussion of the proviso as binding precedent because that discussion was dicta. Plaintiffs are correct in asserting that the only formal "holding" of *Frumenti II* was that 28 U.S.C. § 1447(d) precluded appellate review of the district's court's order to remand. *Frumenti Development Corp.*, 857 F.2d at

---

1. The FSLIC can also be appointed as a receiver by state banking authorities. 12 U.S.C. § 1729(c)(1); *see also Carrollton–Farmers Branch Independent School District v. Johnson & Cravens, 13911, Inc.*, 858 F.2d 1010, 1013 n. 10 (5th Cir.1988); *Ticktin*, 832 F.2d at 1446.

2. The Fifth Circuit Court of Appeals has also interpreted the Ninth Circuit's position to be that the proviso is inapplicable whenever the FHLBB has appointed the FSLIC as a receiver. *See Carrollton–Farmers Branch*, 858 F.2d at 1013 n. 10.

667, 669–70. If the Ninth Circuit had intended the *Frumenti II* decision to stand only for that proposition, however, it would have limited its opinion to that issue. Instead, the Court discussed the jurisdictional proviso of 12 U.S.C. § 1730(k)(1) and clarified the interpretation of this proviso that it initially had set forth in *Fidelity Financial Corp.* Since the Court chose to analyze the meaning of the proviso in this context, we must infer that its interpretation was intended to guide future decisions. Accordingly, we cannot ignore this interpretation in the case at bar.

This Court recognizes, nevertheless, that the Ninth Circuit's interpretation of the proviso produces some anomalous results. By ruling that once the FHLBB appoints the FSLIC as the receiver, the action has become "federalized," the Ninth Circuit has essentially negated the proviso. Under this interpretation, once the proviso's first requirement is satisfied through the FHLBB's appointment of the FSLIC as the receiver, the proviso's third requirement is automatically thwarted.[3] The district court in *Frumenti I* recognized this anomalous result and narrowly construed the holding in *Fidelity Financial Corp.* so as to avoid it. *Frumenti Development Corp.*, 676 F.Supp. at 962–63.

On appeal, however, the district court's attempt to limit the holding of *Fidelity Financial Corp.* met with explicit disapproval from the Ninth Circuit. *See Frumenti Development Corp.*, 857 F.2d at 667. In *Frumenti II*, the Ninth Circuit also reaffirmed its previous interpretation of the proviso by stating that "where the Federal Home Loan Bank Board has federalized the action by appointing FSLIC as receiver, . . . . [t]he [proviso's] third condition . . . [is] lacking." *Id.* at 668. Thus, despite the anomalous results noted by the district court in *Frumenti I,* the Ninth Circuit has chosen to maintain its very narrow interpretation of the proviso's third condition.[4] This Court has no choice but to follow that interpretation.

## CONCLUSION AND JUDGMENT

We find, therefore, that the third condition of the proviso is not satisfied in the case at bar. The FHLBB effectively "federalized" this action by appointing the FSLIC as the receiver for Irving Savings Association on August 18, 1988. Accord-

---

**3.** Defendants attempt to justify this result by arguing that Congress never intended the proviso to apply where the FHLBB has appointed the FSLIC as the receiver. In support of this argument, defendants note that when the proviso was enacted, in 1966, only state banking authorities could appoint the FSLIC as the receiver for a state-chartered savings and loan association. Congress did not grant the FHLBB the authority to appoint the FSLIC as the receiver for a state-chartered banking institution until 1968. *See Carrollton–Farmers Branch,* 858 F.2d at 1013 n. 10; *Hudspeth,* 756 F.2d at 1101 n. 2.

Defendants maintain that since the FHLBB did not have the power to appoint a receiver for a state-chartered bank when the proviso was enacted, the proviso was not meant to apply to FHLBB-appointed receivers. They further argue that when the FHLBB appoints a receiver, federal receivership law must govern the action and, therefore, the proviso's third condition cannot be satisfied. *See* 12 U.S.C. §§ 1464(d), 1729(c). This interpretation does not completely negate the proviso though, because it allows for the possibility that when state banking authorities appoint the FSLIC as the receiver, state law may govern the action and, thereby, satisfy the proviso's third condition.

While defendants' argument is rooted in legislative history, it is not supported by the express language of the proviso. The wording of the proviso does not suggest in any way that it is only applicable when state banking authorities name the FSLIC as the receiver. *See Ticktin,* 832 F.2d at 1446 ("the FSLIC argues that [the] proviso does not apply because in this case the FSLIC acts as a federally-appointed, not state-appointed, receiver. There is no basis in the statute or the legislative history for this distinction."). If Congress did not intend the proviso to apply in situations where the FHLBB appointed the FSLIC as the receiver, it should have so indicated when it granted the FHLBB this appointment power in 1968. Congress's silence in this respect and the unambiguous wording of the proviso suggest, therefore, that the proviso should not apply exclusively to state-appointed receiverships.

**4.** This Court notes that at least two other Circuit Courts of Appeals have interpreted the proviso differently. *See FSLIC v. Capozzi,* 855 F.2d 1319, 1323–24 (8th Cir.1988); *Ticktin,* 832 F.2d at 1444–46; *see also FSLIC v. T.G. Partners, Ltd.,* 689 F.Supp. 683, 687–88 (N.D.Tex.1988). The Supreme Court may resolve this discrepancy in the near future. *See FSLIC v. Ticktin,* 832 F.2d 1438 (7th Cir.1987), *cert. granted,* — U.S. —, 109 S.Ct. 52, 102 L.Ed.2d 30 (1988) (oral arguments calendared for February 27, 1989).

ing to the doctrine developed by the Ninth Circuit Court of Appeals in *Fidelity Financial Corp.* and *Frumenti Development Corp.*, this appointment serves to make the rights and obligations involved in the case at bar a matter of federal law, rather than a matter of state law. Thus, the proviso is inapplicable to the case at bar and the FSLIC properly removed this case to this Court under 12 U.S.C. § 1730(k)(1) and 28 U.S.C. § 1441(a).

IT IS, THEREFORE, HEREBY ORDERED that plaintiffs' Motion to Remand to State Court (document # 2) is DENIED.